WESTCHESTER LIGHTING COMPANY, Respondent, *v.* WESTCHESTER COUNTY SMALL ESTATES CORPORATION, Appellant.

Argued April 14, 1938; decided May 24, 1938.

*William F. Bleakley, T. Carlyle Jones, Leo G. Fritz, Winthrop G. Brown* and *Daniel Miner* for appellant. The Workmen's Compensation Law (Cons. Laws, ch. 67) is a complete bar to plaintiff's claim against defendant. (*New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Barencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469; *Matter of Babb* v. *Conboy & Brown Constr. Co.,* 264 N. Y. 357; *Matter of State Treasurer* v. *West Side Trucking Co.,* 233 N. Y. 202; *Matter of State Treasurer* v. *Niagara Falls Power Co.,* 241 N. Y. 521; *Matter of Plouff* v. *Port Henry L., H. & P. Co.,* 225 App. Div. 704; 250 N. Y. 616; *Phœnix Indemnity Co.* v. *Tannenbaum,* 250 App. Div. 853; *Thompson* v. *International Harvester Co.,* 141 Misc. Rep. 757.) The claim of plaintiff against defendant is a claim of one alleged to be entitled to recover damages on account of the employee's death. (*Liberty Mutual*

*Ins. Co.* v. *Mueller*, 154 Misc. Rep. 718; *Haran* v. *Woolley*, 32 Haw. 61.)

*Alfred M. Bailey* for respondent. The defense is insufficient in law. (*City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Oceanic S. N. Co.* v. *Compania*, 134 N. Y. 461; *Dunn* v. *Uvalde A. P. Co.*, 175 N. Y. 214; *Fulton County Gas & Electric Co.* v. *Hudson River Tel. Co.*, 130 App. Div. 343; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; 185 N. Y. 580; *New York Consolidated R. R. Co.* v. *Massachusetts B. & I. Co.*, 193 App. Div. 438; 233 N. Y. 547; *Iroquois Gas Corp.* v. *International Ry. Co.*, 240 App. Div. 432; *Parker Sheet Metal Works, Inc.*, v. *Allied M. L. Ins. Co.*, 124 Misc. Rep. 756; 216 App. Div. 746; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514.) The statute is susceptible of no other just and reasonable interpretation. (*Cavanaugh* v. *Boland Co.*, 149 Misc. Rep. 576; *Williams* v. *Village of Port Chester*, 72 App. Div. 505; *Broderick* v. *Alexander* [*Kahn*], 268 N. Y. 306; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *N. Y. Consolidated R. R. Co.* v. *Massachusetts B. & I. Co.*, 193 App. Div. 438; 233 N. Y. 547.)

LOUGHRAN, J. The question arises upon the pleadings.

So much of the complaint as is material alleges that employees of the defendant negligently broke a gas pipe maintained by the plaintiff in a public highway and negligently inclosed the point of fracture within a tile drain laid by them; that as a result gas escaped into a nearby house and there asphyxiated John Haviland, an employee of the defendant, who was in the course of his employment at the time; that the only wrong of the plaintiff which contributed to this casualty was a failure to make timely discovery that gas was escaping from its pipe; that Haviland's administratrix had judgment against the plaintiff in an action brought to recover

the damages caused by her decedent's death; and that the plaintiff paid that judgment and also the cost of the defense of that action. Plaintiff demands indemnity from the defendant for the moneys so paid. The case was decided below and has been argued here on the assumption that the foregoing allegations sufficiently state a cause of action at common law. We do not go behind that assumption. (Cf. *Small* v. *Sullivan*, 245 N. Y. 343.)

The answer alleges that the defendant had secured compensation to its employees in compliance with the Workmen's Compensation Law (Cons. Laws, ch. 67). Whether this is a valid defense to the assumed cause of action is the single issue presented for decision.

Section 10 of the Workmen's Compensation Law provides: " Every employer subject to this chapter shall in accordance with this chapter, except as otherwise provided in section twenty-five-a hereof, secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury, except that there shall be no liability for compensation under this chapter when the injury has been solely occasioned by intoxication of the injured employee while on duty or by wilful intention of the injured employee to bring about the injury or death of himself or another." Section 25-a is unrelated to this case.

It is provided by section 11: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured

employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action it shall not be necessary to plead or prove freedom from contributory negligence nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

The whole point made by the defendant is that these provisions bar the present action.

We think this position has no warrant in the text that has been quoted from the statute. Plaintiff does not sue for damages " on account of " Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant.

Nor does the policy of the statute countenance the defendant's position. " The act was passed pursuant to a widespread belief in its value as a means of protecting workingmen and their dependents from want in case of injury when engaged in certain specified hazardous employments. It was the intention of the Legislature to secure such injured workmen and their dependents from becoming objects of charity, and to make reasonable compensation for injuries sustained or death incurred by reason of such employment a part of the expense of the lines of business included within the definition of hazardous employments as stated in the act. It was also the intention of the Legislature to make such compensation not only a part of the expense of the business and a part of the cost of the things manufactured and of transportation as defined by the act, but ultimately to require such compensation to be paid by the consumer of the manufactured goods and by those securing trans-

portation." (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544, 553, 554. See N. Y. Const. art. I, § 19.)

Nor is the defendant's position sanctioned by the legal nature of its liability under the statute. Such liability is a *quasi* contractual obligation imposed by reading the statute into a contract of employment. (*Matter of Post* v. *Burger & Gohlke, supra; Matter of Smith* v. *Heine Safety Boiler Co.*, 224 N. Y. 9.)

It may be admitted that if the defendant is held to answer to the plaintiff in this action the result (as the Chief Judge says) is that an employer is made liable indirectly in an amount which could not be recovered directly. This consequence, we think, does not decide the issue against the plaintiff. Recovery over against the employer in an unusual case like this need not be rested upon any theory of subrogation. An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253.)

We agree with the courts below that the challenged defense is insufficient in law.

The order should be affirmed, with costs, and the question certified answered in the negative.

CRANE, Ch. J. (dissenting). Plaintiff is a public utility corporation engaged in supplying illuminating gas for domestic uses. It maintained a certain pipe line in a public highway for the conduct of gas to consumers. The defendant, while engaged in constructing a tile pipe drain under that highway, allegedly performed the work negligently so that the gas pipe was fractured and then encased within the tile pipe drain. Illuminating gas was thus permitted to escape into nearby houses resulting in injury to persons and property. For negligently failing to discover the escape of gas from its mains, the plaintiff has been held liable to those injured, and seeks to recover indemnity from the person who is alleged to be the primary wrongdoer.

Among those whose death was caused by the escaping gas was one John Haviland, who was admittedly at the time of his death in the course of his employment with defendant. Defendant had fully complied with the provisions of the Workmen's Compensation Law, and contends that plaintiff cannot, therefore, recover the amount which it was compelled to pay Haviland's administratrix in an action brought against it.

Under section 10 of the Workmen's Compensation Law: "Every employer subject to this chapter shall in accordance with this chapter, * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury * * *."

This liability of the employer, according to section 11, "shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death * * *."

However, if an employer shall fail to secure the payment of compensation by proper insurance or satisfactory proof of his financial responsibility, the employee or his representatives have an option, either to claim compensation, or maintain an action at law for damages.

This statute "sets aside one body of rules only to establish another system in its place. If the employee is no longer able to recover as much as before in case of being injured through the employer's negligence, he is entitled to moderate compensation in all cases of injury, and has a certain and speedy remedy without the difficulty and expense of establishing negligence or proving the amount of the damages. Instead of assuming the entire consequences of all ordinary risks of the occupation, he assumes the consequences, in excess of the scheduled compensation, of risks ordinary and extraordinary. On the other hand, if the employer is left without defense respect-

ing the question of fault, he at the same time is assured
that the recovery is limited, and that it goes directly to
the relief of the designated beneficiary." (*New York
Central R. R. Co.* v. *White,* 243 U. S. 188, 201.) .

This court said in *Shanahan* v. *Monarch Engineering
Co.* (219 N. Y. 469, 478): "Under this legislation both
classes, employer and employee, gained benefits and made
concessions. The liability of the employer is no longer
bounded and limited by the rules of negligence but is
imposed upon him when he is without fault as well as
when he is guilty of negligence. The employee and his
dependents receive compensation which may be smaller
than would have been the amount of a judgment in a
negligence action, but on the other hand they are com-
pensated for injuries resulting from risks heretofore
assumed by them, the relief is summary, the practice
simple, and they are not hampered or defeated by rules
of negligence law or by technical defenses and procedure.
It is not to be assumed that the Legislature intended to
provide rights and remedies for some of the dependent
relatives and to leave the old form of remedy in force as
to the others. A new system was substituted in its
entirety for an outgrown and objectionable one."

There is in this case no doubt at all that the dependents
of the deceased employee could not have any recovery
against the defendant employer. Plaintiff specifically
alleges that the reason that this defendant was not joined
in the action brought by the administratrix of Haviland
was that at the time of his death he was an employee
of defendant and "the only remedy available to his
administratrix against the present defendant was that
provided by the Workmen's Compensation Law." It
would seem that a liability that cannot be imposed upon
defendant directly, cannot be imposed upon it indirectly,
and so the defendant argues on this appeal. Plaintiff,
however, takes the position that the basis of this action
is the breach of an implied contract of indemnity; that
this is not an action to recover damages "on account

of such death or injury; " and that it is not barred by the language of section 11 of the Workmen's Compensation Law.

It is well established that a person guilty of negligence is liable not only to the person directly injured as a result of the negligent acts but is accountable to the person who is legally liable for the negligence and who has been compelled to respond to the injured person in damages. It is not accurate to say that the basis of this liability is in contract. More aptly it may be said to be *quasi*-contractual. In *Dunn* v. *Uvalde Asphalt Paving Co.* (175 N. Y. 214) this court said that " * * * the wrong-doer stands in the relation of indemnitor to the person who has been held legally liable, and the right to indemnity rests upon the principle that every one is responsible for the consequences of his own wrong, and if another person has been compelled to pay the damages which the wrong-doer should have paid the latter becomes liable to the former " (p. 217). In *Ocean Steam Navigation Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461) the court said: " The right to indemnity stands upon the principle that everyone is responsible for the consequences of his own negligence, and if another person has been compelled (by the judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him " (p. 468). The rule is thus stated in the Law of Quasi Contracts by Woodward (§ 259): " But in some cases, as for example where the wrong consists of a mere unintentional neglect of duty, there can hardly be said to be an implication of a genuine promise of indemnity or contribution. In such cases, the obligation may well be rested upon *quasi* contractual principles, for in so far as one tort-feasor pays what in equity and good conscience another tort-feasor ought to pay, the latter receives a benefit at the expense of the former, the retention of which is unjust."

As has been pointed out, the Workmen's Compensation Law abrogated one system and set up a new one in its

place. That law prescribes certain definite rights, remedies and liabilities and provides that the liability of an employer so prescribed shall be exclusive. The employer is obligated to provide insurance or to furnish satisfactory proof of his financial ability to pay such compensation and to give security. Failure to do so renders him liable in an action at law. Failure to secure compensation as required by law shall constitute a misdemeanor (§ 52).

The New York State Constitution, section 19 of article I, reads: " Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise, either directly or through a State or other system of insurance or otherwise, of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault as a cause thereof, * * * and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries; or to provide that the amount of such compensation for death shall not exceed a fixed or determinable sum."

The Legislature enacted the Workmen's Compensation Law, sections 10 and 11, which are quoted above, and provided that the liability of the employer " shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, *or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death,* * * *."

I can only interpret this constitutional provision and the law enacted under it so as to limit the employer's liability as well as the employee's recovery. The employer, for an accident causing death to an employee, is liable for the amounts stated in the Compensation Law, and is not liable beyond that to any one upon any cause of

action arising out of the death. What has been done below in this case is a violation of this statute under this constitutional provision, for it makes the employer liable indirectly in an amount which could not be recovered directly. The employee or the representatives for this accident had no cause of action against the employer; the remedy was solely under the Workmen's Compensation Law, and for the amounts stated therein. This is conceded. Yet because a third party paid the employees' representative it is permitted to recover the payment from the employer. In other words, the representatives receive a large sum of money through a negligence action from the employer merely because the money passes through the hands of a third party; and yet all concede that the employer is not liable to the representatives. To me this is mere sophistry.

I do claim, however, that the third party, if entitled to recover against the employer upon any principle of recoupment, should be limited to the amount that the employer would be obliged to pay to the representatives under the Workmen's Compensation Law. That the recovery against third parties was contemplated is apparent by reading section 29 of the Workmen's Compensation Law. A third party causing injury to an employee of another may be sued by the injured person and the amount recovered deducted from the award to be made against the employer, if one be less than the other. If the recovery be more than the award there is no additional sum to be paid. In other words, when a person has been injured through the negligence of a third party the recovery and the award which would have been made are set off one against the other. It seems fair, therefore, that this remedy should be applied when, because of some principle of law, the third party, liable for its negligence, seeks in equity to recover from the employer because of primary negligence. The Workmen's Compensation Law should not be disrupted or its purpose overturned. The recovery, if any, should be limited to

the amount that the employer would have been obliged to pay under the Workmen's Compensation Law.

The Westchester Lighting Company was mulcted in damages for its own negligence, not solely for the negligence of the Westchester County Small Estates Corporation. It was not liable to the dead man or his representatives because its gas main had been broken by the defendant in this case. It was liable because of its negligence in failing to discover the break, in the exercise of reasonable care. Whether there could be any recovery over, even at common law, is a question which need not be decided at this time, as apparently it has not been raised below.

For the reasons here stated I favor the reversal of the order, striking out the partial defense and denying the motion, with costs.

LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur with LOUGHRAN, J.; CRANE, Ch. J., dissents in opinion.

Order affirmed, etc.