**WARD**

v.

**DENVER & R. G. W. R. CO. (COLEMAN MOTORS CORP., third-party defendant).**

**Civ. A. No. 4180.**

United States District Court
D. Colorado.

Feb. 9, 1954.

Leo Sanders Moses, Denver, Colo., for plaintiff.

T. R. Woodrow, T. A. Chisholm, Denver, Colo., for defendant and third-party plaintiff.

Sheldon & Nordmark, Denver, Colo., for third-party defendant.

KNOUS, District Judge.

This matter is presently before this court upon third-party defendant's mo-

tion to dismiss the third-party complaint. This action was originally instituted by the plaintiff against defendant for personal injuries allegedly sustained by the plaintiff while in the course of his employment. At the time his employer was the Coleman Motors Corporation, the third-party defendant herein. It is alleged that such injuries were suffered by plaintiff when a door from a railroad car of the defendant, which he was engaged in unloading, fell off of its hinges and struck him.

The defendant moved for leave to make The Coleman Motors Corporation a third-party defendant pursuant to the provisions of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In its affidavit in support thereof the defendant alleged that the railroad car was not under its management and control, but was under the exclusive possession, management and control of the third-party defendant, and further that any negligence involved was that of the employees, including the plaintiff, of the third-party defendant.

Leave was granted to defendant to file a third-party complaint against The Coleman Motors Corporation as third-party defendant, and in response thereto the third-party defendant interposed the pending motion to dismiss, which is premised on the conceded fact that, as the employer of the plaintiff, it is under and covered by the Colorado Workmen's Compensation Act, Chapter 97, Colorado Statutes Annotated 1935.

The question thus squarely presented is whether under that Workmen's Compensation Act, an employer who is subject to the provisions of said act can be made a third-party defendant in an action wherein one of its employees is suing a stranger to the employer-employee relationship for injuries sustained while engaged in the course of his employment.

As was mentioned in the oral arguments on this motion, no ruling has been handed down upon this point by the Colorado Supreme Court. And as was further stated by counsel, decisions reached in other jurisdictions upon this question are in hopeless conflict.

Supporting the view that under a similar fact situation there can be third-party joinder, is American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946, 953. This case arose under the Iowa Workmen's Compensation Act, I.C.A. §§ 85.1–85.69.

Section 85.3 of the Iowa statute provides, *inter alia*, that the employer is required to "pay compensation * * * for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury."

In construing this section the Circuit Court of Appeals, Eighth Circuit, held that "to say that this language relieves an employer from liability to a third party, to one not in his employ, for the employer's act of negligence damaging such third party is to read into the Act something that plainly is not there." Citing Westchester Lighting Co. v. Westchester County Small Estates, 278 N.Y. 175, 15 N.E.2d 567; Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043; Maio v. Fahs, 339 Pa. 180, 14 A.2d 105.

A contrary conclusion is reached in Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886, 892. Therein, the North Carolina statute, G.S. § 97–10, granted to the employer in express terms complete relief from any and all other liability to his employee " 'at common law, or otherwise, on account of such injury'."

The Court held that such language absolved the employer from all liability under the law of negligence for an injury to an employee arising during the employment. In consequence a stranger, who is sued for damages for negligently inflicting injury upon the employee, cannot hold the employer liable for contribution under the statute or for indemnity under the doctrine of primary and secondary liability even where the injury is

the result of the joint or concurrent negligence of the employer and the third person. Citing Essick v. City of Lexington, 233 N.C. 600, 65 S.E.2d 220; Brown v. Southern R. R., 204 N.C. 668, 169 S.E. 419.

The reasoning of the North Carolina Supreme Court in reaching this conclusion is as follows:

"This is necessarily so for the very simple reason that one party cannot invoke either the statutory right of contribution or the doctrine of primary or secondary liability against another party in a tort action unless both parties are liable to the plaintiff in such action as joint tort-feasors."

A like result was reached in Slattery v. Marra Bros., Inc., 2 Cir., 186 F.2d 134, 138, which concerned the New Jersey Workmen's Compensation Act, wherein section 34:15-8, N.J.S.A., specified: " 'Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation'."

The controlling language of the Colorado Workmen's Compensation Act, Section 292, Ch. 97, Colorado Statutes Annotated 1935, is as follows:

"Any employer who has elected to and has complied with the provisions of this article * * * (shall not) be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this article provided; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this article provided." (Brackets supplied.)

As a bare reading indicates, this language is even broader and more inclusive in relieving an employer covered by the Act than are the terms of the statutes involved in the Lovette and Slattery cases, supra. Clearly, it expresses an intent by the Colorado legislature to render such an employer immune from all liability, save that imposed by the Workmen's Compensation Act itself.

Particularly the phrase "and accruing to any and all persons whomsoever" would seem to leave no room for any other construction. To place any other meaning upon this legislative language would do violence to the plain meaning of these words, and would violate the basic rule of statutory construction that in the absence of a specialized or technical usage of a word it will be given its generally accepted meaning within the phrase where used.

The act was designed to completely cover this field and as its terms indicate, did not intend to leave any area whereby an employer would be subject to additional liabilities beyond those set forth within the act proper.

It is, therefore, ordered and adjudged that the third-party complaint herein be and the same hereby is dismissed.