Benjamin Brenner, J.
The architect, Agusta, moves to dismiss the third-party complaint which, broadly read, asserts improper supervisory activities by said architect which induced the defendant owner to wrongfully enter upon and damage the land of plaintiffs, the adjoining owners.
*987 The prime complaint alleges that a subcontractor, Caracciolo Construction Company, also hired by the defendant, accompanied the defendant in the improper construction work and wrongful entry. There is thus, preliminarily, little question that the third-party plaintiff is charged with ‘ ‘ affirmative ’ ’ or “active” rather than with “passive” negligence (cf. Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 11 A D 2d 220, revd. 9 N Y 2d 426), rendering baseless the defendant’s interpretation of the prime complaint as merely charging it with passive negligence because of its relationship with Caracciolo.
The involvement by the architect, Agusta, in the claimed negligence and unlawful entry is not altogether clear. Defendant’s third-party complaint alleges that the architect contracted with it in the construction of buildings and that if the plaintiffs suffered any damage as alleged, it was not “ by reason of any wrongful act,” etc., on its part, “ but solely by the carelessness,” etc. of the third-party defendant. Although a denial of all liability to the original complainant ordinarily makes insufficient as a matter of law a third-party complaint (Beckerman v. Walter J. Munro, Inc., 25 A D 2d 448, 449), since the third-party pleading should be viewed in an extremely liberal manner when attacked at the pleading stage (see Braun v. City of New York, 17 A D 2d 264), the allegation, in this instance, may conceivably be construed as a denial of prime culpability and not a denial of ultimate responsibility by operation of law. Clearly, the defendant owner seems to be alleging that the primary obligation for carrying out the construction work in the area bordering the two parcels rested on the architect in which case the owner would be merely secondarily liable, and the architect (comparable to one who explicitly and unequivocally warrants to make whole the alleged tort-feasor) could be sued over regardless of the clear assertion in the primary pleading of active negligence (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 453; Martin v. Siegfried Constr. Co., 29 Misc 2d 1080, 1083).
Actually, the ‘1 active-passive ’ ’ dichotomy is often difficult of application and, in fact, somewhat misleading (Bush Term. Bldgs, v. Luckenbach S. S. Co., 11AD 2d 220, supra). What is really meant is that the degrees of culpability are to be compared and that the implied right to indemnity arises where the third-party defendant owes an independent duty to the third-party plaintiff to prevent the accident (Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175, 1.79; McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 331). Here the defendant owner alleges in the third-party complaint *988 that the architect owed the owner the duty of carefully overseeing the construction work which resulted in the alleged damage to plaintiffs. If there was a breach of that duty, then the owner would be entitled to indemnification by the primary tort-feasor (Westchester Light. Co. v. Westchester County Small Estates Corp., supra, p. 180).
It is my view that if the owner were not the more, or equally, culpable tort-feasor, and the wrong done by it to the plaintiffs were the result of the architect’s lack of care, it would be entitled to indemnification in a separate action subsequent to judgment against it in favor of the plaintiff (Musco v. Conte, 22 A D 2d 121, 124). The very language used in the latter case bears this out and rather significantly gives the answer where, as here, the torts are successive and quite independent of one another: ‘ ‘ Moreover, the right of indemnity is enforced in favor of one tort-feasor against another jointly liable, where the degrees of culpability are unequal and the second tortfeasor, in equity and justice, should bear the burden. (2 Williston, Contracts [3d ed.], § 345, pp. 763-783).” It remains sensible that an injured plaintiff should not be required to be limited in his remedy to the greater of two or more tort-feasors or be denied a recovery because of the minimal nature of a defendant’s wrongdoing. Nor would justice be served by any nice balancing of culpability in suits between joint tort-feasors. But where, as in the case at bar, one perpetrates a wrong in a disproportionately higher degree or induces or originates the tort, then he should, in good conscience, indemnify the joint tort-feasor from whom the law exacts damages.
In any event, the facts as alleged are inconclusive and must await actual proof, for although the prime complaint charges the defendant with active negligence, neither the original nor the third-party complaint spells out the clear relationships between, and the precise and specific individual responsibility of, the defendant, its contractor Caracciolo and the third-party defendant. Thus, while the allegation of active negligence in the prime complaint cannot be ignored, there is need for further inquiry into the facts, for ‘1 Even when a main or tort complaint describes the cause of an accident in some detail it is often difficult enough to determine, merely on the pleadings and in advance of trial, the final locus of responsibility for the accident.” (Braun v. City of New York, 17 A D 2d 264, 267, supra; see, also, O’Dowd v. American Sur. Co. of N. Y., 3 N Y 2d 347. 354.) The motion is accordingly denied.