Argued July 9, reversed and remanded September 18, 1975

UNITED STATES FIDELITY & GUARANTY
COMPANY, *Appellant, v.* KAISER GYPSUM
COMPANY, INC., *Respondent.*
539 P2d 1065

*James H. Gidley,* of Cosgrave & Kester, Portland, argued the cause and filed a brief for appellant.

*J. Terrence Bittner,* of Jones, Lang, Klein, Wolf & Smith, Portland, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is an action for common law indemnity brought by plaintiff, United States Fidelity & Guaranty Company, against defendant, Kaiser Gypsum

Co., Inc. The court found for defendant, and plaintiff appeals. The issues on appeal are:

(1) Whether ORS 656.018(1) bars plaintiff's action for indemnity; and

(2) Whether the amended complaint states facts sufficient to constitute a cause of action against Kaiser.

The facts were stipulated. Kaiser operates a plant in St. Helens. In early 1971, the A. J. Zinda Company completed the installation of a fiberboard machine in that plant. On February 13, 1971, while Milton Gene Russell, a Kaiser employe, was using the machine, his right hand was caught in the machine and severed above the wrist.

The chain and sprocket which injured Russell were designed to be equipped with a guard. At the request of Kaiser, Zinda left the guard off the machine during initial testing. It was during this period of testing, while the chain and sprocket were unguarded, that Russell received his injury.

As a result of the injury, Russell received full Workmen's Compensation Law benefits and also filed a third-party lawsuit against Zinda in Multnomah County, as authorized by ORS 656.154 and ORS 656.-578-595. Zinda tendered the defense of that action to Kaiser, but the tender was rejected.

In his complaint, Russell alleged that Zinda was negligent in failing to install a proper guard, in permitting the machine to be used without a guard, and in failing to warn Russell of the danger of using the machine without a guard. The case was settled during trial for the sum of $25,000 paid in behalf of Zinda by U. S. F. & G., its insurance carrier. In addition, U. S. F. & G. incurred the sum of $3,108.76 in investigating and settling the third-party lawsuit.

U. S. F. & G. is subrogated to the rights of its insured, Zinda, and brought this action against Kaiser for indemnity. U. S. F. & G. alleged that Kaiser had been negligent:

"(1) In ordering and directing plaintiff (Zinda) not to guard the chain and sprocket;

"(2) In commencing operation of the machine before placing an adequate guard on the machine;

"(3) In allowing Milton Gene Russell to use the machine prior to installation of a guard."

As an affirmative defense, Kaiser alleged that it and its employe, Russell, were subject to the Workmen's Compensation Law, that Russell had received the benefits provided by that law, and that these facts barred U. S. F. & G.'s claim against Kaiser. U. S. F. & G. filed a general denial, but on trial stipulated and amended its reply to admit the facts alleged in the affirmative defense.

After the amendment and stipulation, defendant moved for judgment on the pleadings on the ground that since the existence of and compliance with the Workmen's Compensation Law had been admitted plaintiff was barred as a matter of law. The motion was allowed by the court and a judgment entered for the defendant.

We come to the question of the right of a third-party plaintiff to recover indemnity from an employer who has satisfied the duty required by ORS 656.016 (1).[1] ORS 656.018(1) provides:

"Every employer who satisfies the duty re-

[1] "656.016. (1) Every employer subject to ORS 656.001 to 656.794 is required to assure that his subject workmen will receive the compensation for compensable injuries provided in ORS 656.001 to 656.794 either by:

"(a) Filing an application with the State Accident In-

quired by subsection (1) of ORS 656.016 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794."

Since this is a question of first impression in Oregon, it is appropriate to preface our opinion with the oft quoted statement from Larson's Workmen's Compensation Law ¶ 76.10, as follows:

"Perhaps the most evenly-balanced controversy in all of compensation law is the question whether a third party in an action by the employee can get contribution or indemnity from the employer, when the employer's negligence has caused or contributed to the injury." p. 14-287.

■ Our research convinces us that when the third-party plaintiff's liability to the injured workman has resulted from the breach of an independent duty, express or implied, owed by the employer to the third-party plaintiff, an action for indemnity is not barred by ORS 656.018(1).

In this case, the plaintiff (Zinda - U. S. F. & G.) has alleged that its liability to the employe Russell resulted from the negligence of the defendant employer, Kaiser, in testing the fiberboard machine sold to the employer without the safety guard affixed, in directing Zinda not to install the safety guard, and in failing to warn its workman Russell of the hazards of using the machine without the guard.

---

surance Fund and contributing to the Industrial Accident Fund the fees and premiums provided under ORS 656.442; or

"(b) Qualifying as a direct responsibility employer under ORS 656.405 and 656.409. However, this state and political subdivisions therein may not become direct responsibility employers."

■ Plaintiff's right to indemnity from the employer, then, is based on this alleged breach of an independent duty to the plaintiff Zinda to use reasonable care in the testing of the fiberboard machine. Since the liability is not "on account of" the employe's injury, but is based on an independent duty, the exclusive liability provision of the Workmen's Compensation Law, ORS 656.018(1) will not bar indemnity. This is in accord with a majority of decisions in the country interpreting substantially similar exclusive liability provisions.[2]

*Burris v. American Chicle Co.,* 120 F2d 218 (2nd Cir 1941), was a case where an employe was injured while washing windows pursuant to a contract between the building owner and his employer. The injury resulted from defective scaffolding, and New York law (where the incident occurred) made maintaining proper scaffolding a nondelegable duty of the building owner. The employe sued the owner, and the owner sought indemnity from the employer, alleging its negligence had caused the scaffolding to break. The court allowed indemnity, finding that the employer's method of performance of the contract constituted a breach of a duty established by statute and owed to the building owner. *Burris, supra,* at 222.

In *Baugh v. Rogers,* 24 Cal 2d 200, 148 P2d 633 (1944), an employe was injured during the course of her employment when struck by an automobile driven by her employer but which was owned by another person. The employe sued the automobile owner under the state's owner-liability statute.[3] A contract of bailment was created, the court held, when the owner gave per-

---

[2] With the exception of Colorado, *infra,* the findings of the courts have not turned on the particular language of the statutes.

[3] An owner liability statute, also known as a permissive use statute, holds the owner of a vehicle strictly liable without fault for injuries resulting from the use of the vehicle by another when the owner had given permission for the use.

mission to the employer to drive owner's vehicle. The court found that benefits paid under California's Workmen's Compensation Law would not bar the owner from being indemnified by the negligent employer when the owner's liability to the employe arose from a breach of an independent duty of care owed by the employer as bailee to the owner of the automobile as bailor. *Baugh, supra,* at 640-42. Justice Traynor dissented, arguing that to allow indemnity was contrary to public policy and the intent of workmen's compensation. *Baugh, supra,* at 643.[4]

The much cited *American District Telegraph Co. v. Kittleson,* 179 F2d 946 (8th Cir 1950), involved an employe of Armour's packing plant suing American District Telegraph Co. for injuries incurred when an employe of American fell through a skylight onto him. American's employe was working on the roof of the packing plant repairing a signal system for Armour under a contract between American and Armour. Armour's employe received full compensation benefits and then sued American as a negligent third party. American sought indemnity from Armour on the ground that it was Armour's negligence in causing dirt to accumulate on the skylight, rendering it indistinguishable from the rest of the roof, which proximately caused Armour's employe's injury. The court found that Armour owed American a duty to furnish American's employes a safe place to work. A breach of that duty would constitute a basis for common law indemnity and would not be barred by the exclusive liability provision of the Workmen's Compensation Act. *Kittleson, supra,* at 954.

In *Lunderberg v. Bierman,* 241 Minn 349, 63 NW2d

---

[4] The California legislature in 1959 adopted a specific statute disallowing indemnity except where the parties had an express indemnification agreement before the injury arose. Cal. Labor Code § 3864 (West 1971). The California Supreme Court has not yet ruled on its constitutionality.

355 (1954), the plaintiff took an automobile to defendant's garage for servicing. Defendant's employe took the auto for a road test and injured a fellow employe who was a passenger during the testing. The injured employe, after collecting full compensation benefits, brought an action against the plaintiff under the owner liability statute. Plaintiff sought indemnity from the employer, and the court found that the breach of an independent duty of the bailee to use care would be a basis for indemnity not barred by the exclusivity of workmen's compensation.[9] *Lunderberg, supra,* at 365.

A similar fact situation arose in *Farm Bureau Mutual Auto. Ins. Co. v. Kohn Bros. Tobacco Co.,* 141 Conn 539, 107 A2d 406 (1954). A truck was leased to the employer and the employe was injured while riding in it through the negligence of the driver, a fellow employe. The employe sued the lessor under a state statute which held lessors of vehicles strictly liable for injuries arising from the use of the vehicle by another. The lessor sought indemnity from the employer, and the court held that the employer-lessee owed an independent duty to use care to the lessor. Breach of this duty could entitle the lessor to indemnity, and the exclusivity provision of the workmen's compensation statutes would be no defense. *Farm Bureau, supra,* at 408.

An employer contracted to erect a roof on a build-

---

[9] When the Minnesota legislature passed a statute clearly abrogating the common law right of the third party to indemnity where workmen's compensation was involved, the Minnesota Supreme Court held that such an act violated the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. *Carlson v. Smogard,* 215 NW2d 615, 619 (1974). The "opposite" conclusion cited by defendant in *Coates v. Potomac Electric Power Co.,* 95 F Supp 779 (D DC 1951), is not truly applicable as it was speaking to contribution among joint tortfeasors which was not recognized at common law.

ing in *Whitmarsh v. Durastone Co.,* 122 F Supp 806 (D RI 1954). The employe was fatally injured by the alleged negligence of the employer during the construction. The administrator of employe's estate sought damages from the general contractor. The court found the contractor's right to indemnity arose from a breach of the contractual duty owed by the employer to perform the work in a careful and prudent manner. The claim thus is independent of and does not arise from the injury to the employe. Therefore, the Workmen's Compensation Act would not bar indemnity. *Whitmarsh, supra,* at 811.

The United States Supreme Court addressed this issue in *Ryan Stevedoring Co. v. Pan-Atlantic SS Corp.,* 350 US 124 (1956). A longshoreman was injured on shipboard during the course of his employment under a stevedoring agreement between the stevedoring company and the ship-owner. The longshoreman recovered damages from the ship-owner, who then sought indemnity from the stevedoring company. The court found indemnity would lie, despite the exclusive liability provision of the Longshoremen's and Harbor Workers' Compensation Act, if the stevedoring company's breach of its independent duty to the ship-owner to properly and safely stow the cargo resulted in ship-owner's liability to the injured longshoreman. *Ryan, supra,* at 131-32. (Congress later amended the Act to disallow indemnity in this fact situation.)

*McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Printing Co.,* 323 SW2d 788 (Mo 1959), involved an employe who had received full compensation benefits suing the third party for injuries sustained while painting third party's plant. The third party sought indemnity on the ground that the employer had agreed to warn of the danger which ultimately injured the employe. The court found the employer had breached this independent duty to third party, thus resulting

in the third party's liability to the employe for which the employer should indemnify despite the workmen's compensation statute's exclusive liability provision. *McDonnell, supra,* at 796.

In *Moroni v. Intrustion Prepakt, Inc.,* 24 Ill App 2d 534, 165 NE2d 346 (1960), the employe was injured when he fell from scaffolding used in construction work in the premises of the owner with whom the employer had contracted to do construction work. The court held that if the employer's independent duty to perform the contract with care was breached and such breach resulted in the injury, this could entitle the owner to indemnity and would not be barred by the exclusive liability provision of the Workmen's Compensation Act. *Moroni, supra,* at 351-52.

The employer contracted with the third party to clean the premises each night in *Blackford v. Sioux City Dressed Pork, Inc.,* 254 Iowa 845, 118 NW2d 559 (1962). The employe was injured while cleaning a machine which did not have an adequate guard affixed. Third party sought indemnity from the employer for its liability to the employe, alleging the employer negligently failed to instruct and warn the employe. The court found a claim for indemnity based on a breach of an implied duty to work safely by the employer would not be barred by the workmen's compensation statute's exclusive liability provision. *Blackford, supra,* at 565.

In *Dale v. Whiteman,* 388 Mich 698, 202 NW2d 797 (1972), the owner of an automobile took it to a car wash to be washed. One car wash employe injured another employe while driving the auto through the car wash. The injured employe sued the owner of the car under the owner liability statute, and the owner sought indemnity from the employer. The court found indemnity would lie for breach of an independent duty

owed the owner by the employer to operate the vehicle through the car wash without negligence. The exclusivity of workmen's compensation would not be a defense. *Dale, supra,* at 801-02.

*Dole v. Dow Chemical Co.,* 30 NY2d 143, 282 NE2d 288, 331 NYS2d 382 (1972), involved a manufacturer of chemicals being sued by the administratrix of employe's estate for death of the employe caused by exposure to chemicals. The manufacturer sought indemnity from the employer as the primary tortfeasor in that employer failed to follow instructions and to test and aerate the premises after use of the chemicals. The court held that if the employer had breached an independent duty to the manufacturer by misuse of its products, this would entitle the manufacturer to indemnity or contribution. *Dole, supra,* at 294.

One court has specifically found an implied agreement to indemnify arising out of a contract between the parties. *San Francisco U School Dist. v. Calif. Bldg. Main. Co.,* 162 Cal App2d 434, 328 P2d 785 (1958). The school district contracted with the employer to have windows washed. The employe injured recovered from the school district because as a matter of law the school district was negligent in failing to provide the employe a safe place to work. School district sought indemnity from the employer for breach of its contractual duty to wash the windows in a particular manner. The court found an implied agreement by the employer to indemnify the school district for damages resulting from its breach of contract. This implied agreement to indemnify would not be barred by the workmen's compensation statute. *San Francisco, supra,* at 794.⊚

A few cases involving a contractual relationship between the employer and the party seeking indemnity

---

⊚ See footnote 4.

have allowed indemnity based purely on difference of the degree of fault without discussing the breach of an independent duty by the employer. *Miller v. DeWitt,* 37 Ill 2d 273, 226 NE2d 630, 640 (1967); *Trail Builders Supply Co. v. Reagan,* 235 So2d 482, 485 (Fla 1970). There are also cases allowing indemnity absent a contractual relationship between the parties when the employer can be said to have breached an independent duty to the third party. Such a duty, since it cannot be based on a contract, is grounded in tort concepts of negligence. *Westchester Lighting Co. v. Westchester County Small Estates Corp.,* 278 NY 175, 15 NE2d 567, 568-69; *Kentucky Util. Co. v. Jackson County R E Coop. Corp.,* 438 SW2d 788, 790 (Ky 1968).

A minority of jurisdictions have refused to allow indemnity where there is a contractual relationship between the employer and the party seeking indemnity. These courts have held that the alleged breach of an independent duty owed by the employer is not a basis for indemnity in the face of the exclusive liability provision of the Workmen's Compensation Act.

In *Ward v. Denver & R. G. W. R. Co.,* 119 F Supp 112 (D Colo 1954), the employe sued the railroad for injuries incurred when the door of the railroad car fell off and struck him. The railroad sought indemnity from the employer on the theory that the car was under employer's exclusive control at the time in the course of performance of its contract with the railroad. The court held the Colorado workmen's compensation statute barred any claim for indemnity whatsoever. It based its holding on the broader and more inclusive language of its statute, as compared to statutes in states allowing indemnity, and found that the legislative intent was clear in Colorado that the employer was to be immune from all liability. *Ward, supra,* at 114. The Colorado Supreme Court, in *Hilzer v. MacDonald,* 454 P2d 928 (Colo 1969),

reached the same conclusion but without discussing the issue and merely citing *Ward, supra,* as authority. *Hilzer, supra,* at 932.

*A. O. Smith Corp. v. Assoc. Sales & Bag Co.,* 16 Wis2d 145, 113 NW2d 562 (1961), involved the sale of an apron for use by welders which ignited and injured an employe. The employe recovered from the seller, and the seller sought indemnity from the employer based on its intervening negligence in issuing the apron without proper warnings and instructions. The court held that workmen's compensation barred indemnity. The court did not discuss the contractual relationship or the breach of a duty to the seller by the employer; it merely held that there cannot be indemnification except when the parties are joint tortfeasors and the workmen's compensation statute immunizes the employer from tort liability. *A. O. Smith, supra,* at 149.

*Royal Indem. Co. v. Southern Cal. Petroleum Corp.,* 67 NM 137, 353 P2d 358 (1960), rejected the argument that the breach of an independent duty to use care and to perform a contract without negligence would give rise to a cause of action for indemnity against the employer. The court did not discuss the issue because it held that the New Mexico workmen's compensation statute had *destroyed* the common law right of indemnity as to the employer. *Royal Indem., supra,* at 143.

The court in *Am. Radiator & Stand. San. Corp. v. Mark Engr. Co.,* 230 Md 584, 187 A2d 864 (1963), refused to allow indemnity despite the third party's allegations that employer had breached its contractual duty to provide a safe place to work and this was the proximate cause of the injuries to the workman. The court recognized that the facts plead by the third party would allow indemnity under the *Ryan, supra,* analysis of the United States Supreme Court. It held, how-

ever, that it did not consider the Supreme Court's reasoning sound, *Am. Radiator, supra,* at 588, and without considering other authority in accord with *Ryan,* it held that Maryland's legislative intent was to immunize the employer from all liability and only an express agreement to indemnify could withstand the workmen's compensation defense.

*General Electric Co. v. Cuban Am. Nickel Co.,* 396 F2d 89 (5th Cir 1968), held indemnity was barred by the workmen's compensation statute of Louisiana despite the jury findings that the employer was primarily negligent and that the injury arose from a breach by the employer of his contractual duty to use care. The Court of Appeals held that the exclusive liability provision of the Louisiana statute prevents the employer from being a tortfeasor so there can be no indemnity based on tort. It held that the breach of an independent duty would not give rise to an implied agreement to indemnify the third party because in Louisiana all agreements to indemnify are very strictly construed. The court did not, however, hold that workmen's compensation statutes would bar an action validly based on an implied agreement to indemnify.

Cases often cited by employers to defeat an action for indemnity are clearly distinguishable from our fact situation because these cases did not arise out of a contractual relationship between the parties. *Slattery v. Marra Bros., Inc.,* 186 F2d 134 (2nd Cir 1951);[7] *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* 215 F2d 368 (10th Cir 1954); *United Air Lines, Inc. v. Wiener,* 335 F2d 379 (1964). *Montoya v. Greenway Alum. Co., Inc.,* 10 Wash App 630, 519 P2d 22

---

[7] Judge Learned Hand held that there needed to be some legal transaction between the parties, such as a contract, in order for indemnity to lie. "[D]ifferences in the degrees of fault between two tortfeasors will without more [not] strip one of them, if he is an employer, of the protection of a compensation act . . . ." *Slattery, supra* at 139.

(1974), held no indemnity could lie based on an implied agreement when there was no contractual basis between the parties upon which to base such an agreement.

Many courts in allowing indemnity also find that the intent of the legislature in establishing workmen's compensation was only to affect the rights and liabilities between the employer and the employe and not to shield the employer from common law actions for indemnity by third parties. Authority for this position is the rule of construction promulgated by the United States Supreme Court in *Texas & P. R. Co. v. Abilene Cotton Oil Co.*, 204 US 426, 437 (1906):

> "* * * repeals by implication are not favored, and, indeed, that a statute will not be construed as taking away a common-law right existing at the date of its enactment, unless that result is imperatively required; that is to say, unless it be found that the pre-existing right is so repugnant to the statute that the survival of such right would in effect deprive the subsequent statute of its efficacy; in other words, render its provisions nugatory."

See also *Kittleson, supra,* at 952-53; *Trail Builder, supra,* at 485; *Whitmarsh, supra,* at 811; *Blackford, supra,* at 855.

Oregon cases cited by defendant are clearly distinguishable from the fact situation at bar. None involved the question of indemnity, and all were instances where a putative beneficiary of the employe was seeking to recover directly from the employer on account of a compensable injury to the workman. *Bigby v. Pelican Bay Lumber Co.*, 173 Or 682, 147 P2d 199 (1949) (mother of deceased workman sought damages on account of his death); *Ellis v. Fallert,* 209 Or 406, 307 P2d 382 (1957) (wife of injured workman sought damages for loss of consortium); *Leech v. Georgia-Pacific Corp.*, 259 Or 161, 485 P2d 1195 (1971)

(dependent child over 18 years sought compensation for father's death).

The comment by *Larson, supra,* at ¶ 76.10, that there is no more evenly-balanced controversy in workmen's compensation law than this issue, is speaking to the persuasiveness of the arguments on both sides, and not to the weight of the authority. We find that a substantial majority and the better reasoned cases[®] allow a third party to recover indemnity from an employer when the injury to the employe for which the third party was held liable resulted from the breach of an independent duty owed to the third party by the employer. This duty will be implied by law from the relationship between the employer and the party seeking indemnity. It was error for the trial court to grant the motion for judgment on the pleadings.

If the evidence at trial discloses that the employer and Zinda were jointly conducting the test of the fiberboard machine, the parties may have been *in pari delicto* and no independent duty may have been owed by the employer. If the employer conducted the test alone, then it owed Zinda an independent duty of care. If the trier of fact finds this duty was breached and resulted in plaintiff's liability to the employer, then plaintiff has established its claim for indemnity.

Since this finding requires reversal, we must consider the defendant's cross-assignment of error. Defendant argues on appeal that plaintiff failed to establish a cause of action for indemnity because it did not plead ultimate facts to establish its own liability to the injured employe and because defendant is not liable to the employe because of workmen's compensation.

■ This court has held that pleadings are not fatally

---

[®] See particularly the discussions of the problem in *Kittleson, supra* at 951-55; *Lunderberg, supra* at 358-366; *McDonnell, supra* at 792-96.

defective merely because they are not artfully drawn. *Parker v. Faust,* 222 Or 526, 532, 353 P2d 550 (1960). The complaint in this case was clearly sufficient to apprise the defendant of what plaintiff U. S. F. & G. intended to prove and did not thereby prejudice the defendant. Defendant did not file a motion to make more definite and certain after its demurrer was overruled to the original complaint nor did it demur to the amended complaint until the time of appeal. This alleged defect in the pleadings is, therefore, in effect challenged for the first time on appeal. If no surprise or prejudice can be shown, if timely objections by the defendant would have allowed any deficiency in the pleadings to have been amended before trial, and if the evidence does disclose a cause of action, the court will liberally construe the complaint and uphold its sufficiency. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972); *Widner Electric & Industrial, Inc. v. Lee,* 272 Or 445, 537 P2d 527, 529-530 (1975).

■ Plaintiff's complaint adequately alleges facts upon which the trier may find that the defendant breached a duty of care owed to the plaintiff. Plaintiff's complaint adequately alleges facts upon which it can be found that the parties were not equally negligent and the defendant was primarily responsible for the injury. *Kennedy v. Colt,* 216 Or 647, 653-55, 339 P2d 450 (1959); *Fulton Ins., supra,* at 210. We have held today that the exclusive liability provision of Oregon's Workmen's Compensation Act, ORS 656.018 (1), does not bar an action for indemnity based upon a breach of an independent duty owed the plaintiff by the defendant-employer. Therefore, plaintiff's complaint sufficiently states a cause of action for indemnity.

Reversed and remanded for further proceedings not inconsistent with this opinion.