Argued and submitted October 8, affirmed
November 26, 1979, reconsideration denied January 3,
petition for review denied January 15, 1980 (288 Or 335)

In the Estate of Hilario Gonzalez, Deceased.
ORE-IDA FOODS, INC., et al,
*Appellants, v.*
GONZALEZ, et al,
*Respondents.*

(No. 15,030 E, CA 13228)

BURZOTA,
*Appellant,*
*v.*
GONZALEZ, et al,
*Respondents.*

(No. 15,033 E, CA 13375)

(Cases Consolidated)

602 P2d 1132

Cliff S. Bentz, Ontario, argued the cause for appellants Ore-Ida Foods, Inc., and Drake Insurance Company of New York. With him on the brief was Yturri, e & Burnham, Ontario.

G. Kenneth Shiroishi, Portland, argued the cause for appellant Donna Lee Burzota. On the briefs were Gilbert E. Parker, Jr., and Morrison, Dunn, Cohen, Miller & Carney, Portland.

Wendell Gronso, Burns, argued the cause and filed the briefs for respondents Roman Gonzalez, Hilario Gonzalez, Jr., Olga Marines, Arcile Armirez, Elizabeth Longoria, and David Gonzalez.

Bill Van Atta, Ontario, waived appearance for respondents Lisa Marie Burzota and Jason M. Gonzalez.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiffs Ore-Ida Foods, Inc. and Drake Insurance Company sought a declaratory judgment to require the defendants to include Donna Lee Burzota as a beneficiary-party in a wrongful death action against Indian Head Cattle Company arising out of the death of Hilario Gonzalez, with whom Burzota had maintained a domestic relationship without marriage for five years. Ore-Ida was the employer of Gonzalez, and Drake Insurance Company is Ore-Ida's workers' compensation carrier. Gonzalez' death arose out of and in the course of his employment. Burzota also sought a declaratory judgment, alleging that because of her domestic relationship with the decedent at the time of his death, she was entitled to all of the rights of a surviving spouse. The trial court granted a summary judgment for defendants in both actions. This is a consolidated appeal.

For plaintiffs to prevail, this court would be required to overrule *Huard v. McTeigh,* 113 Or 279, 232 P 658 (1925). As to that, the words of the trial judge in these cases are apt:

"Although this Court recognizes that public policy and public morals have undergone considerable change since 1925 when the Supreme Court had occasion to construe the statutory provisions of this State relating to the manner of contracting marriage, such construction being that Oregon's law superseded the common-law rule of contracting marriage, it is not for this Court to attempt to overrule prior case law [of the Supreme Court of Oregon] simply on the basis of a considerable gulf existing between this State's declarations of policy and the reality of cohabitation and resulting difficulties in this day and age."

Plaintiffs would also have us interpret "surviving spouse" in ORS 30.020(1)[1] to include the survivor of a

---

[1] ORS 30.020(1):

"(1) When the death of a person is caused by the wrongful act or

domestic relationship not sanctioned by the marriage laws of this state. That is a purely legislative matter.

Affirmed.

---

omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."