Argued and submitted September 16, affirmed December 4, 1986,
reconsideration denied February 27, petition for review denied April 28, 1987
(303 Or 331)

# JONES OREGON STEVEDORING CO.,
*Appellant,*

*v.*

# PORT OF PORTLAND,
*Respondent.*

(A8310-06233; CA A37773)

729 P2d 582

Linda M. Seluzicki, Portland, argued the cause for

appellant. With her on the briefs were Jerard S. Weigler and Lindsay, Hart, Neil & Weigler, Portland.

William P. Buren, Portland, argued the cause for respondent. With him on the brief were John G. Holden and Wood Tatum Mosser Brooke & Landis, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff (Jones) appeals from a summary judgment for defendant. It contends that its tort claim is not barred by ORS 30.265(3)(a) and that there is a genuine issue of fact as to whether it is a third-party beneficiary of a contract between the Port of Portland (Port) and Toyota Motor Sales, USA, Inc. (Toyota).

Toyota purchases vehicles from Toyota Motor Company (Toyota Japan). Toyota Japan contracts with vessel owners to bring vehicles from Japan to the Port. The vessel owners in turn contract with stevedoring companies (in this case Jones) to unload vessels and place the vehicles in Toyota's receiving area at the Port.

The process of unloading vehicles from a vessel involves longshoremen driving vehicles to the receiving area where a taxi picks the longshoremen up and returns them to the vessel to pick up more vehicles. On October 9, 1981, a Port employe drove through the dock area while Jones was unloading a vessel and struck a taxi transporting longshoremen back to the vessel. Several longshoremen were injured. As a result, Jones was required to pay benefits under the Longshoremen's and Harbor Worker's Compensation Act. In an attempt to recoup those expenses, Jones brought this action against the Port, advancing both tort and contract theories.

Jones contends that the Port is liable in tort due to the Port's failure, as a possessor of land, to exercise reasonable care in the protection of Jones, a business invitee. The trial court concluded that the claim is barred by ORS 30.265:

"(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *

"* * * * *

"(3) Every public body and its officers, employes and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

Jones contends that ORS 30.265(3)(a) does not bar its tort

claim, because the claim is based on the breach of an independent duty owed to it by the Port and is not a claim "for injury to [a person] covered by any workers' compensation law." In support of its contention, Jones Oregon relies on *U.S. Fidelity v. Kaiser Gypsum,* 273 Or 162, 539 P2d 1065 (1975).

*Kaiser Gypsum* was an action for common law indemnity. In that case, the defendant, Kaiser Gypsum, operated a plant in St. Helens. A. J. Zinda Company installed a fibreboard machine in the plant and, at Kaiser's request, left a guard off the machine during the initial testing period. As a result, a Kaiser employe was injured while using the machine. *U.S. Fidelity v. Kaiser Gypsum, supra,* 273 Or at 164. The injured employe received workers' compensation benefits from Kaiser and sued Zinda for negligently failing to install a proper guard on the machine. The case was settled.

Thereafter, Zinda's insurer, U.S. Fidelity and Guaranty, as subrogee of Zinda, brought an action against Kaiser for indemnity. Kaiser contended that it was immune from liability under ORS 656.018(1), which provided that an employer who paid workers' compensation benefits to an injured employe was relieved of all other liability "on account of" the compensable injuries to the employe.[1] *U.S. Fidelity v. Kaiser Gypsum, supra,* 273 Or at 164-66. The court held that ORS 656.018(1) did not bar an *indemnity action* "when the third party plaintiff's liability to the injured workman has resulted from the breach of an independent duty, express or implied, owed by the employer to the third party plaintiff." *U.S. Fidelity v. Kaiser Gypsum, supra,* 273 Or at 166.

Although Jones attempts to apply the reasoning in *Kaiser Gypsum* to this case, it fails. Both Zinda and Kaiser had actual or potential liability to the injured worker. In this case, however, it is undisputed that the Port is not independently liable to the injured longshoremen, due to ORS 30.265(3)(a). In the absence of *any* liability of the Port, Jones may not recover indemnity, and *Kaiser Gypsum* is inapplicable.

The same issue was addressed by the Supreme Court in *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469

---

[1] ORS 656.018(1) was amended in 1977 to overturn the decision in *U.S. Fidelity v. Kaiser Gypsum,* 273 Or 162, 539 P2d 1065 (1975), as it applied to that particular statute. *See* Or Laws 1977, ch 804, § 3(a).

(1980). An Ore-Ida employe was killed on Ore-Ida's premises when he was struck by a truck operated by the defendant. Ore-Ida paid workers' compensation benefits to the unmarried cohabitant of the deceased employe.[2] Ore-Ida subsequently sued the defendant, contending that the sole reason it was required to pay workers' compensation benefits was the negligence of the defendant. 290 Or at 911. In support of its claim, Ore-Ida relied on *U.S. Fidelity v. Kaiser Gypsum, supra,* claiming that the defendant owed it an independent duty. The court rejected the argument, stating that *Kaiser Gypsum* does not apply when the putative indemnitor has no liability whatsoever to the injured employe. Indian Head was not liable to the unmarried cohabitant of the deceased employe, because she was not a "surviving spouse" under Oregon's wrongful death statute, ORS 30.020(1). *See Ore-Ida Foods v. Gonzalez,* 43 Or App 393, 602 P2d 1132 (1979), *rev den* 288 Or 335 (1980). The court explained:

> "In the case at bar, there is no 'common liability' of any kind toward the third person, Burzota. Ore-Ida has a workers' compensation liability toward Burzota, but the defendant-putative indemnitor has no liability, in tort or otherwise, to Burzota. *Kaiser Gypsum* * * * does not support the proposition that recovery in indemnity exists absent *any* liability by the putative indemnitor to the third person." *Ore-Ida Foods v. Indian Head, supra,* 290 Or at 921. (Emphasis in original.)

*See also Fulton Ins. v. White Motor Corp.,* 261 Or 206, 210, 493 P2d 138 (1972).

■        Jones contends, however, that this is a direct action against the Port and not one for indemnity. We disagree but, even if that were true, Jones' reliance on *U.S. Fidelity v. Kaiser Gypsum, supra,* is misplaced, because that was an action for indemnity. Moreover, Jones fails to allege any damage which is recoverable in a direct action. An employer may not recover damages (i.e., workers' compensation benefits) which it was required to pay because of the negligent

---

[2] Ore-Ida paid workers' compensation benefits pursuant to ORS 656.226, which then provided:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by such man, and children are living as a result of that relation, the woman and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

infliction of injury to one of its employes. *Ore-Ida Foods v. Indian Head, supra,* 290 Or at 916-19; *see also Snow v. West,* 250 Or 114, 440 P2d 864 (1968). Accordingly, Jones' tort claim fails, as a matter of law, whether it is a direct action or an action for indemnity.

Turning to the contract claim, the Port and Toyota are parties to an agreement concerning Toyota's use of Port property to receive and process vehicles arriving by ship. Article 4 of the agreement guarantees Toyota a "preferential right" to use the dock area for unloading vehicles and an exclusive right to use the receiving and processing areas at Terminal No. 4. Jones contends that it is a third-party beneficiary of that agreement.

■■ Jones contends that the surrounding circumstances at the time the agreement was signed and the subsequent conduct of the parties indicate that they intended to benefit Jones. The trial court held that Jones was not a third-party beneficiary of the agreement. That holding was apparently based on the express language of the agreement, because the court also concluded that the agreement was unambiguous and that it was precluded from considering extrinsic evidence. However, we hold that, because the agreement did not deal with the subject of third-party privilege or rights, the contract was only partially integrated, and extrinsic evidence could be considered in determining the intent of the parties. *Card v. Stirnweis,* 232 Or 123, 133, 374 P2d 472 (1962). Nevertheless, we affirm the trial court's holding that Jones was not intended to be a beneficiary of the agreement.

In the Port's motion for summary judgment, it offered the affidavit of Siedow, the Port employe who represented the Port in the negotiations with Toyota which resulted in the agreement in question. Siedow said:

"In negotiating the Lease, there were no discussions about whether or not Toyota would use a master stevedoring company to unload vessels at the leased premises. The employment of a master stevedoring company was the common practice for unloading vessels, including vessels of the type to be used by Toyota. With the knowledge of this fact, it was never intended or even contemplated by the Port, nor did Toyota ever express to the Port that it contemplated or intended, for any master stevedoring company, including plaintiff, to benefit in any way from the terms, covenants or

any other provisions contained in Article 4 of the Lease. Toyota said nothing about intending or even contemplating any such benefit, and if it had made such a statement the Port would not have entered into the Lease."

In Jones' response to the Port's motion for summary judgment, it offered affidavits from Toyota's port manager and a Jones supervisor. Both referred to the necessity of noninterference when Jones was unloading a vessel because of the chance of an accident. Neither man specifically referred to the agreement nor its surrounding circumstances. Neither contradicts the Port's evidence that the contracting parties did not intend to benefit Jones. Under these circumstances, we conclude that the trial court was correct in finding that there was no genuine issue of material fact as to whether Jones was intended to be a third-party beneficiary. Although Jones may have expected Toyota to "provide a facility suitable for the safe and efficient unloading of vehicles," that expectation did not create a third-party beneficiary contract.

Affirmed.