Argued July 9, reversed and remanded September 18, 1975

# GORDON H. BALL, INC., *Appellant, v.* OREGON ERECTING CO., *Respondent.*

539 P2d 1059

*Jeffrey M. Batchelor,* Portland, argued the cause for appellant. With him on the briefs were John Gordon Gearin and Gearin, Cheney, Landis, Aebi & Kelley, Portland.

*Marvin S. Nepom,* Portland, argued the cause for respondent.

McALLISTER, J.

Although this proceeding is erroneously called a declaratory judgment proceeding, it is in reality an action at law based on an express contract of indemnity. The action is brought by plaintiff Gordon H. Ball, Inc. against defendant Oregon Erecting Co.

Plaintiff Ball, as the prime contractor, contracted with the Oregon State Highway Department to construct the La Grande section of the Old Oregon Trail Highway in Union County. The Oregon Erecting Company entered into a subcontract with the plaintiff to erect the bridges which were required by Ball's contract with the highway department.

On April 6, 1971, Cyril Dornan, an employee of Oregon Erecting fell to his death from a nearly completed bridge structure. There was evidence from which the jury could have found and did find in the case at bar that Dornan's death was caused by the negligence of his employer, Oregon Erecting, and that finding is not challenged on appeal.

In August, 1971, Dornan's widow and dependent children filed a wrongful death action in the Superior Court of California for Alameda County against Ball and others to recover $600,000 damages. The complaint contained three causes of action. The first and third charged wrongful, willful, reckless and wanton misconduct; the second cause alleged only simple negligence. The defense of the California action was tendered to Oregon Erecting but the tender was refused. Venue was changed to Contra Costa County, California.

Immediately prior to trial, the case was settled by Ball, Inc., which paid $107,500 to the Dornan heirs, and incurred $18,522.50 in costs and attorneys' fees. A consent judgment was entered.

Ball, having settled the action brought against it by the Dornan heirs, brought this action against Oregon Erecting to recover the amount paid to the Dornan heirs plus its costs and attorneys' fees. Plaintiff Ball alleged that it had fully performed all the conditions of the subcontract and that Dornan's death was caused by defendant Oregon Erecting's breach of its duty to provide its workmen a safe place to work. Plaintiff Ball brought the indemnity action upon the express contract of indemnity given by Oregon Erecting to Ball as one of the provisions of their subcontract.

Defendant Oregon Erecting denied that it was under any obligation to indemnify plaintiff Ball because it alleged that Dornan's death was solely caused by plaintiff Ball's "failure to provide adequate materials for walkways."

Defendant Oregon Erecting further argued to the court that indemnity was barred (1) by its compliance with the Oregon Workmen's Compensation Law, (2) by the California consent judgment which established that Dornan's death was caused by plaintiff Ball's sole, willful and wanton negligence, and (3) by the fact that the death of Dornan was on premises under the joint control and supervision of both parties.

In the trial of the case at bar, the jury found in favor of Ball and against defendant Oregon Erecting. In a special verdict the jury found that Dornan's death was caused by the negligence of the defendant Oregon Erecting and it was not caused by any failure on the part of plaintiff Ball to furnish materials for walkways. Based on the jury verdict, the court entered a judgment in favor of plaintiff Ball against defendant Oregon Erecting for the sum of $126,022.50.[1]

---

[1] The judgment in the sum of $126,022.50 represented the settlement amount paid by Ball, Inc. to the Dornan heirs of $107,500 plus $18,522.50 in costs and attorneys' fees incurred by Ball in defense of the action of Dornan v. Ball.

However, the court later granted defendant's motion for a judgment notwithstanding the verdict.

The trial court's opinion, filed in letter form, stated:

"I conclude that the language of ORS 656.018 makes clear the intention of the legislature to provide compensation as the exclusive remedy for the injured workman vis-a-vis his employer. I do not think that ORS 656.154, which authorizes an election to pursue a claim for damages against a third party not in the same employ and not a contributing employer exercising joint supervision and control, was intended to allow a circuitous recovery back against the injured workman's employer upon a theory of common law indemnity, * * *; or upon a theory of express contractual indemnity, * * * . To do so would be contrary to the public policy of the State of Oregon."

The judgment for plaintiff Ball was set aside and judgment was entered for defendant Oregon Erecting for its costs and disbursements.

Defendant Oregon Erecting argued, and the trial court found, that ORS 656.018(1)[2] bars an action for indemnity whether based on common law indemnity or on an express contract for indemnity. The trial court held that to find otherwise would be contrary to public policy.

■ Contracts for indemnity are not void as against public policy in Oregon. *So. Pacific Co. v. Morrison-Knudsen Co.*, 216 Or 398, 418, 338 P2d 665 (1959). An indemnitee may legally contract for indemnity

[2] ORS 656.018(1) provides:

"Every employer who satisfies the duties required by subsection (1) of ORS 656.016 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794."

based in whole or in part on its own negligence if not wanton or criminal in nature. *Waggoner v. Oregon Auto Ins. Co.,* 270 Or 93, 98, 526 P2d 578, 581 (1974).

The defendant Oregon Erecting voluntarily contracted *inter alia* to indemnify the plaintiff Ball against any and all claims, demands, damages, judgments, awards, attorneys' fees, costs and expenses arising out of any failure of Oregon Erecting to perform conditions and terms of the contract between them or which were caused by any negligence of Oregon Erecting unless the same was caused by the sole negligence or willful misconduct of plaintiff Ball.[9] The jury verdict in the present case established that the death of Dornan, Oregon Erecting's employee, was caused by the negligence of defendant Oregon Erecting and was not caused by the negligence of plaintiff Ball.

---

[9] The pertinent portion of the indemnity agreement reads as follows:

"19. INDEMNIFICATION. Subcontractor shall indemnify, defend and save harmless Contractor from and against any and all claims, debts, demands, damages (including direct, liquidated, consequential, incidental or other damages), judgments, awards, losses, liabilities, interest, attorneys' fees, costs and expenses of whatsoever kind or nature at any time arising out of any failure of Subcontractor to perform any of the terms and conditions of this subcontract or which are in any manner directly or indirectly caused or occasioned by, or contributed to, or claimed to be caused or occasioned by, or contributed to, by any act, omission, fault or negligence, whether active or passive, of Subcontractor or anyone acting under its direction or control, or on its behalf in connection with or incident to the work, even though the same may have resulted from the joint, concurring or contributory act, omission or negligence of the Contractor, \*\*\* *unless the same be caused by the sole negligence or willful misconduct of Contractor.* Without limiting the generality of the foregoing, the same shall include injury or death to any person or persons, including agents and employees of \*\*\* Subcontractor \*\*\* . Subcontractor will on request and at its expense defend any action, suit or proceeding arising hereunder and shall reimburse and pay Contractor for any loss, cost damage or expense (including legal fees) suffered by it hereunder." (Emphasis added.)

■ Oregon's Workmen's Compensation Law allows an injured employee, or his beneficiary, to elect to sue a third party whose negligence caused or contributed to his injury. ORS 656.154 and ORS 656.578-595. It was this potential liability of Ball that Oregon Erecting agreed to assume by contract. The purpose of the legislature in adopting the Workmen's Compensation Law was to maintain certain benefits for the employee, avoid the expense of litigation, and limit the liability of a complying employer. Minutes, House Committee on Labor & Management, Jan. 15, 1965. There is no indication that the legislature in enacting ORS 656.018(1) intended to preclude an employer from *voluntarily* contracting with a third party to indemnify it for damages paid to an injured employee.

■ By the clear language of the statute, the immunity conferred on the employer by ORS 656.018(1) is only against actions for damages on account of an employee's injury. Since the present case arises out of a contractual relationship between Oregon Erecting and Ball, it is governed by the decision in *United States Fidelity & Guaranty Co. v. Kaiser Gypsum,* 273 Or 162, 539 P2d 1065 (1975), that an action for indemnity based on the breach of an independent duty owed by the employer is not barred by ORS 656.-018(1). Plaintiff Ball alleged that Oregon Erecting breached its independent duty to provide a safe place for its workmen to work and that this breach resulted in the death of Dornan. If there had been no express contract of indemnity, plaintiff Ball might have brought this action based on the alleged breach of the independent duty.

In this action, plaintiff Ball relies entirely on the contract of indemnity with Oregon Erecting.

"The courts are unanimous in holding that the workmen's compensation acts do not bar a claim

for indemnity by the third party from the employer when that claim is based on an express contract of indemnity." Note, Contribution and Indemnity, 42 Va L Rev 959, 969 (1956).

See also, 2 Larson, Workmen's Compensation Law ¶76.41 (1975); *Tucci & Sons, Inc. v. Carl T. Madsen, Inc.,* 1 Wash App 1035, 467 P2d 386, 389-90 (1970). The only authority to the contrary cited by defendant Oregon Erecting is *Gulf Oil Corp. v. Rota-Cone Field Operating Co.,* 84 NM 483, 505 P2d 78 (1972), a case which appears to stand alone and is not persuasive. We hold, with the vast majority of jurisdictions, that the exclusive liability provisions of the workmen's compensation law do not bar a claim based on an express contract of indemnity.

■ Defendant next argues that because the consent judgment entered in California established plaintiff Ball's willful, wrongful, and reckless negligence, under either the principles of *res judicata* or collateral estoppel, plaintiff Ball is barred by the terms of the contract from obtaining indemnity. The trial court held that the consent judgment did not constitute a conclusive determination that the death of Dornan resulted from the sole negligence of willful misconduct of plaintiff Ball. We agree.

■ The consent judgment entered in California is entitled to full faith and credit in Oregon. *Harding v. Harding,* 198 US 317, 341, 49 L Ed 1066 (1905). The Oregon rule, and the majority rule, is that a consent judgment is binding and conclusive upon the parties and those in privity with them to the same extent as a judgment rendered upon controverted facts at a contested trial. *State ex rel Dean v. Dean,* 136 Or 694, 698, 300 P 1027 (1931); Annot., Consent Judgment as Res Judicata, 2 ALR2d 514, 520-21 (1948); Annot., Consent Judgment as Res Judicata, 97 L Ed 1188, 1191-92 (1953). Courts have generally also held

that consent judgments do not have any greater validity or broader scope than judgments rendered upon matters actually litigated. *United States v. International Bldg. Co.,* 345 US 502, 506, 97 L Ed 1182 (1952); 2 ALR2d, *supra,* at 529-30; 97 L Ed, *supra,* at 1199-1200.

The complaint brought in California was based on alternative causes of action; the second cause of action alleged that the plaintiff Ball was negligent; the first and third causes of action alleged that the plaintiff Ball was willfully, wantonly, and recklessly negligent. The consent judgment entered against Ball stated:

"IT IS HEREBY ORDERED that Judgment be entered in the above-entitled cause in favor of plaintiff Lola Dornan and against defendant Gordon H. Ball, Inc., in the sum of Three Hundred Sixty Thousand Dollars ($360,000) together with interest from January 4, 1974 and for costs of suit in the amount of $2,270.32. The court further finds that the Oregon Erecting Company, employer of Cyril Dornan, was negligent, which negligence was a proximate cause of Cyril Dornan's death."[④]

There was thus no finding by the California court as to the degree of Ball's negligence, and the court did specifically find that there was some degree of negligence on the part of Oregon Erecting which contributed to Dornan's death.

The consent judgment is not *res judicata* as to this action because the California action was for wrong-

[④] The settlement agreed upon by the parties pursuant to the consent judgment was that Ball was to pay a total amount of $137,500 (of which $107,500 was being received by Ball on a loan receipt agreement from Argonaut Insurance Company, and $30,000 from American Home Assurance Company) to the Dornan heirs. The Dornans agreed to look solely to Transamerica Insurance Group for the additional sum. Transamerica insured both Ball and Oregon Erecting.

ful death and the present action is based on an express contract for indemnity. *Burnett v. Western Pacific Ins. Co.*, 255 Or 547, 556, 469 P2d 602 (1970).⑤

The c o n s e n t judgment does not operate to collaterally estop Ball's action for indemnity because the consent judgment did not necessarily find that plaintiff was willfully and wantonly negligent. The consent judgment could have been based on the second cause of action in the California complaint which alleged that Ball was chargeable only with simple negligence. *Jones v. Flannigan*, 270 Or 121, 124, 526 P2d 543, 545 (1974).

■ Finally, the defendant argues that ORS 656.154 (1)⑥ would bar this action for indemnity. The trial court did not decide the question but indicated in its opinion that the statute would not apply to the present action.

ORS 656.154(1) is a possible defense to actions brought on account of an injury to a workman against a third party. ORS 656.154(1) is not a defense to an action brought by the third party against the employer for indemnity. Defendant Oregon Erecting sug-

---

⑤

"The first case was one for wrongful death. The present one is for the purpose of adjudicating rights under a policy of insurance. It is obvious that the two cases do not concern the same claim or demand."

⑥ ORS 656.154(1) provides:

"If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. *However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.*" The italicized portion, hence the defense, has been deleted from the statute effective July 1, 1975. Or L 1975, ch 152.

gests no authority to the contrary, but maintains that the workman's survivors "forum-shopped" and purposely brought their action in California so that this defense could not be asserted. Therefore, defendant argues that ORS 656.154(1) should now bar the action for indemnity. In fact, both defendant's premise and conclusion are incorrect. The employe, Dornan, was a California domiciliary as are his widow and children. Therefore, this does not appear to be a situation of "forum shopping." Further, since the case did not proceed to trial but was settled, we do not know what law California would have applied. In any event, whatever the reasons for bringing the wrongful death action in California, ORS 656.154(1) by its own clear language simply does not apply to an action brought for indemnity between a contractor and subcontractor.

■ Defendant Oregon Erecting rejected the tender of defense made by plaintiff Ball in the first action. Defendant Oregon Erecting is not now arguing that the settlement of the California case was unreasonable. Oregon law favors resolution of cases through compromise and settlement. *Wells v. Neff,* 14 Or 66, 72, 12 P 84 (1886). A settlement will be upheld even if the disposition might not be what the court would have adjudged. *Hodges Agency, Inc. v. Rees and Stover,* 202 Or 139, 157, 272 P2d 216 (1954).

In summary, we hold that:

(1) Plaintiff Ball's action for indemnity is not barred by the exclusive liability provision, ORS 656.-018(1);

(2) Plaintiff Ball's action for indemnity is not barred by the joint supervision and control provision, ORS 656.154(1);

(3) The consent judgment in California is not *res judicata* as to this action nor did it establish that Ball

was willfully and wantonly negligent so as to collaterally estop plaintiff from seeking indemnity;

(4) The jury verdict in the present action held that Ball was free from the negligence alleged by defendant Oregon Erecting in its answer;

(5) The jury verdict in the present action established that Dornan's death was caused by the negligence of defendant Oregon Erecting; and

(6) Plaintiff Ball is entitled to indemnity from defendant Oregon Erecting.

It follows that the judgment is reversed and remanded to the trial court for entry of a judgment on the verdict.