Argued and submitted December 7, 1984, affirmed April 3, reconsideration denied May 10, petition for review denied July 9, 1985 (299 Or 443)

ROBERTS,
*Plaintiff,*

*v.*

GRAY'S CRANE & RIGGING, INC. et al,
*Defendants and Third-Party Plaintiffs/Appellants,*

*v.*

EMERICK CONSTRUCTION CO. et al,
*Third-Party Defendants and Fourth-Party Plaintiff,*

*v.*

DISDERO STRUCTURAL INCORPORATED,
*Fourth-Party Defendant/Respondent.*

(A8206 03882; CA A31447)

697 P2d 985

J. Randolph Pickett, Portland, argued the cause for defendants and third-party plaintiffs/appellants Gray's Crane & Rigging, Inc., and Earl Goll. With him on the briefs were Sandra Hansberger and Don G. Swink, Portland.

Jas. Jeffrey Adams, Portland, argued the cause for fourth-party defendant/respondent Disdero Structural Incorporated. With him on the brief was Mitchell, Lang & Smith.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

This is a wrongful death action involving the exclusive liability provision of the Workers' Compensation Act. ORS 656.018. The issue is whether that statute voids the indemnity agreements entered into between the parties to this appeal. Defendants/third-party plaintiffs appeal a judgment entered on an order dismissing their amended third-party complaint, which sought enforcement of the indemnity agreements against fourth-party defendant, a subject employer under the Workers' Compensation Act.[1] We hold that the agreements are void under ORS 656.018 and, therefore, we affirm.

For the sake of clarity, defendants/third-party plaintiffs will be referred to as "Gray's Crane" and fourth-party defendant will be referred to as "Disdero." The Emerick/Mattson Construction Co., a general contractor, "Emerick," subcontracted with Disdero to construct a new roof on Civic Stadium in Portland. Disdero is a subject employer under the Workers' Compensation Act. It leased a crane and crane operators from Gray's Crane. The lease agreements executed in January and February, 1982, provided that Disdero would indemnify Gray's Crane for all claims for death or injury to persons, including Disdero's employes, arising in any manner out of Disdero's use of the crane.

One of Disdero's employes was killed when the crane hit a beam, which struck another beam, which fell on the employe. Plaintiff, the personal representative of the employe's estate, brought this wrongful death action against Gray's Crane for negligence in operating the crane. Gray's Crane filed a third-party complaint against Emerick, seeking contribution. Emerick then filed a fourth-party complaint against Disdero for indemnity or contribution. Gray's Crane moved to amend its third-party complaint to include a claim against Disdero based on the indemnity provisions of the lease agreements. Disdero opposed the motion on the ground that the indemnity agreements were void under ORS 656.018, which provides generally that an employer's duty to provide workers' compensation coverage shall be its exclusive liability

---

[1] The judgment on Gray's Crane's third-party claim contains the findings and recitations required by ORCP 67B that make it a final appealable judgment.

for injuries to its workers and that all agreements to the contrary are void. The trial court allowed Gray's Crane's motion to amend its third-party complaint and then, treating Disdero's motion as a motion to dismiss under ORCP 21A, dismissed that third-party complaint.

Gray's Crane appeals that dismissal. It argues that ORS 656.018 does not apply to express indemnity agreements. It further argues that, if the statute does apply, it unreasonably interferes with the freedom to contract protected by Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution and denies Gray's Crane a remedy in violation of Article I, section 10, of the state constitution.[2] We hold that the indemnity agreements are void under ORS 656.018(1)(c), that the statute suffers from none of the alleged constitutional infirmities and, therefore, that the trial court correctly dismissed the complaint.

Under the Workers' Compensation Act, a subject employer's duty to maintain coverage for its subject workers, ORS 656.017(1), is its exclusive liability for injuries to those workers. ORS 656.018. Before amendment in 1977, ORS 656.018(1) provided:

"Every employer who satisfies the duty required by subsection (1) of ORS 656.017 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794."

In *U.S. Fidelity v. Kaiser Gypsum*, 273 Or 162, 539 P2d 1065 (1975), the Supreme Court held that the statute did not bar an action for common law indemnity by a third party against an employer, when the third party's liability to an injured worker had resulted from a breach of an express or implied independent duty owed by the employer to the third party. On the same day that *Kaiser Gypsum* was decided, the Supreme Court held that the statute did not bar an indemnity

---

[2] Gray's Crane also argues that the statute violates the equal protection provisions of the state and federal constitutions. We decline to address that challenge, because it was not raised in the trial court. *Kane v. Tri-Co. Metro. Transp. Dist.*, 65 Or App 55, 58, n 3, 670 P2d 178 (1983), *rev den* 296 Or 411 (1984).

action by a third party against an employer under an express contract of indemnity. *Gordon H. Ball v. Oregon Erect. Co.*, 273 Or 179, 539 P2d 1059 (1975). The court noted that "[t]here is no indication that the legislature in enacting ORS 656.018(1) intended to preclude an employer from *voluntarily* contracting with a third party to indemnify it for damages paid to an injured employee." 273 Or at 185. (Emphasis in original.)

In 1977, ORS 656.018 was amended. Or Laws 1977, ch 804, § 3a. The statute now provides:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, *specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries,* except as specifically provided otherwise in ORS 656.001 to 656.794.

"(b) This subsection shall not apply to claims for indemnity or contribution asserted by a corporation, individual or association of individuals which is subject to regulation pursuant to ORS chapter 757 or 760.

"(c) *Except as provided in paragraph (b) of this subsection, all agreements or warranties contrary to the provisions of paragraph (a) of this subsection entered into after July 19, 1977, are void.*

"* * * * *" (Emphasis supplied.)

The statute was amended to overturn the holding of *U.S. Fidelity v. Kaiser Gypsum, supra. Boldman v. Mt. Hood Chemical Corporation,* 288 Or 121, 124, n 1, 602 P2d 1072 (1979). The legislative history of the amendment indicates that it was equally intended to abrogate the holding of *Gordon H. Ball v. Oregon Erect. Co., supra.*

 Contrary to Gray's Crane's contention that "there is nothing on the face of the language of ORS 656.018(1)(a) which bars *express* indemnity agreements," the statute clearly bars such agreements. The best evidence of the purpose of a statute is its language. *Whipple v. Howser,* 291 Or 475, 479-80, 632 P2d 782 (1981). Subsection (1)(a) provides that the employer's duty to provide workers' compensation coverage

shall be its exclusive liability for injuries to its workers and specifically protects the employer from third-party claims for contribution or indemnity. Subsection (1)(c) provides that *all* agreements or warranties to the contrary entered into after July 19, 1977, are void. Under the plain, unambiguous language of the statute, the indemnity agreements in this case, executed in 1982, are void. In the light of the 1977 amendments to the statute, Gray's Crane's reliance on *Kaiser Gypsum* and *Gordon H. Ball* is misplaced.

Gray's Crane argues that, if the statute renders void the indemnity agreements, it unreasonably interferes with the right to contract guaranteed by Article I, section 20, of the Oregon Constitution:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens.—"

In support of its argument, Gray's Crane cites cases which state that the right to contract is both a property right and a liberty protected by Article I, section 20, with which the legislature cannot unreasonably interfere: *General Electric Co. v. Wahle*, 207 Or 302, 319, 296 P2d 635 (1956); *Crouch v. Central Labor Council*, 134 Or 612, 618, 293 P 729 (1930); *George et al. v. City of Portland et al.*, 114 Or 418, 424, 235 P 681 (1925). In *George*, the court stated that the freedom to contract is not an absolute, but a qualified right, and is therefore subject to reasonable restraint in the interest of the public. In *General Electric Co.*, 207 Or at 326, the court stated that the Oregon Fair Trade Act, as it applied to nonsigners of contracts executed pursuant to it, constituted "an unnecessary and unreasonable interference with an individual's constitutional right of contract and of property in violation of Art I, § 20, of the Oregon Constitution, and of the due process clause of the federal constitution." The court discussed the state's power to impinge upon the right to contract:

"The enactment of the Fair Trade Act can be justified only upon the theory that it constitutes a reasonable and proper exercise of the inherent police power residing in the state. The police power is broad and far-reaching, and it is difficult, if not impossible, definitely to fix its bounds. Yet an exercise of the police power can never be justified unless it is reasonably necessary in the interests of the public order, health, safety, and welfare. The legislature is not the final judge of the

limitations of the police power, and, because the legislative action must be reasonably necessary for the public benefit, the validity of all police regulations depends upon whether they can ultimately pass the judicial test of reasonableness." 207 Or at 320. (Citation omitted.)

Gray's Crane argues that under these cases ORS 656.018 is unconstitutional, because it is not reasonably necessary for the public benefit.

■■ The continuing vitality of the analysis used in those cases is questionable. At one time a supposed right to contract was protected by the Due Process Clause of the Fourteenth Amendment, which provides that no state shall deprive any person of life, liberty, or property without due process of law. The U.S. Supreme Court has since abandoned that analysis. *See Williamson v. Lee Optical Co.,* 348 US 483, 75 S Ct 461, 99 L Ed 563 (1955); *Nebbia v. New York,* 291 US 502, 54 S Ct 505, 78 L Ed 940 (1934). The cases cited by Gray's Crane treat Article I, section 20, as a due process provision and therefore hold that it, like the Due Process Clause of the Fourteenth Amendment, protects the right to contract from unreasonable interference by the state. However, Article I, section 20, is not a due process provision: it does not mention "life," "liberty," "property" or "due process of law." *See* Linde, *Without "Due Process" Unconstitutional Law in Oregon,* 49 Or L Rev 125, 140-43 (1970). In fact, as both the Supreme Court and this court have recently stressed, this state's constitution has no due process clause. *State v. Clark,* 291 Or 231, 235, n 4, 630 P2d 810, *cert den* 454 US 1084 (1981); *State v. Stroup,* 290 Or 185, 200, 620 P2d 1359 (1980); *State v. Lyon,* 65 Or App 790, 795, 672 P2d 1358 (1983). Therefore, it is doubtful that the Oregon Supreme Court today would interpret Article I, section 20, as it was interpreted in the cases cited by Gray's Crane.

■ Those cases, however, have not been expressly overruled. Assuming that the analysis of those cases remains valid, we hold that ORS 656.018 is not unconstitutional under Article I, section 20, because it is reasonably necessary to maintain the balance in the Workers' Compensation Act. The legislative history of the 1977 amendments to ORS 656.018 reveals that the legislature amended the statute to restore the exclusive liability protection former ORS 656.018(1) was understood to afford the employer before to *U.S. Fidelity v.*

*Kaiser Gypsum, supra,* and *Gordon H. Ball v. Oregon Erect. Co,
supra.* The legislature was concerned that third-party indemnity claims against employers would circumvent and undermine the exclusive liability provision. Obviously, if employers were liable for such claims, workers' compensation would no longer be their exclusive liability. The legislature also expressed concern about the costs and prolonged litigation threatened by such claims.

The identical problem arose in the context of the Longshoremen's and Harbor Workers' Compensation Act and was resolved in 1972 when Congress amended the act to prohibit express contractual indemnity. 33 USC § 905(b). That problem was discussed in *Hurst v. Triad Shipping Co.,* 554 F2d 1237, 1243 (3rd Cir), *cert den* 434 US 861 (1977):

> "With [*Ryan Co. v. Pan-Atlantic Corp.,* 350 US 124, 76 S Ct 232, 100 L Ed 133 (1956), upholding indemnity actions by the third party-shipowner against the employer-stevedore], the shipowners' burdens were eased, but the purpose of the Longshoremen's Act was entirely thwarted. Under the Act, the stevedore's duty to pay compensation to injured longshoremen regardless of fault was supposed to be 'exclusive and in place of all liability of such employer to the employee.' *Ryan* permitted the circumvention of this exclusivity provision by allowing third parties to seek indemnification from the stevedore. Hence, the balance established by the 1927 Act was disrupted. Stevedores faced not only the certainty of administrative workmen's compensation payments, but also the prospect of indemnifying shipowners for damages awarded longshoremen in third-party suits.

> "Because of this double liability, stevedores' insurance rates ran as high as forty dollars per one hundred dollars of payroll. Despite the high premiums, compensation rates under the Act remained quite low; a great percentage of each premium dollar went toward expenses of litigation. The administrative scheme envisioned by the draftsmen of the 1927 Act had been rendered grossly inefficient, and the maritime industry suffered concomitantly. Moreover, the skyrocketing numbers of *Sieracki-Ryan* cases burdened the federal courts.

> "The 1972 amendments to the Longshoremen's Act were designed to correct these problems. Under amended section 905(b), the roundabout evasion of the Act's exclusivity provision was ended. * * *" (Footnotes omitted.)

Given the compelling reasons for the legislature's amendment of ORS 656.018, we hold that the statute does not unreasonably interfere with any freedom to contract, which may exist under the state constitution.

■■ Next, Gray's Crane contends that the statute denies it a remedy in violation of Article I, section 10, of the Oregon Constitution, which provides in relevant part:

> "* * * [E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation.— "

Prospectively declaring void certain types of agreements is not a deprivation of a remedy within the meaning of that section. The statute abrogates the right to enter into certain agreements; it does not deprive any person of a remedy. It is a legislative regulation of contracts, which, as we have stated above, is valid. Therefore, the statute does not violate Article I, section 10.

■ Finally, Gray's Crane challenges the statute as being an unreasonable interference with the right to contract protected by the Fourteenth Amendment to the federal constitution. Because we have found that the legislation is a reasonable means to restore the integrity of the exclusive liability provision, that challenge must fail, assuming that it is appropriate at all. *Williamson v. Lee Optical Co., supra; Day-Brite Lighting, Inc. v. Missouri,* 342 US 421, 72 S Ct 405, 96 L Ed 469 (1952); *West Coast Hotel Co. v. Parrish,* 300 US 379, 57 S Ct 578, 81 L Ed 703 (1937); *Nebbia v. New York, supra.*

Affirmed.