Argued and submitted November 4, 1985, affirmed January 29, reconsideration denied March 28, petition for review denied April 29, 1986 (301 Or 77)

# ROCK,
*Plaintiff,*

*v.*

# PETER KIEWIT SONS' CO.,
*Defendant - Third-Party Plaintiff - Appellant,*

*v.*

# GRAYSTONE CORPORATION,
*Third-Party Defendant - Respondent.*

(81-1182-J-1; CA A34709)

713 P2d 673

Hugh B. Collins, Medford, argued the cause and filed the briefs for appellant.

Robert L. Cowling, Medford, argued the cause for

respondent. With him on the brief was H. Scott Plouse, Medford.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

This is a negligence action for bodily injury, involving the exclusive liability provisions of the Workers' Compensation Act. ORS 656.018(1)(a), (c); and ORS 656.018(3). The issue is the constitutional validity of those provisions, which the trial court sustained. We affirm.

■　　　Peter Kiewit Sons' Co. (Kiewit) appeals the dismissal of its complaint in which it sought enforcement of an indemnity agreement against Graystone Corporation. The main action by Rock against Kiewit was for damages for bodily injury. It was pleaded on two theories: (1) common law negligence and (2) failure to meet the duties created by the Employer Liability Law (ORS 654.305 *et seq*). Rock was an employe of Graystone, which was Kiewit's subcontractor. Kiewit filed a third party complaint for recovery from Graystone, alleging breach of a contract to provide liability insurance against claims such as Rock's, negligent supervision of Graystone's employes, implied indemnity and breach of an express contract of indemnity. We conclude that the indemnity agreement is void. *Roberts v. Gray's Crane and Rigging,* 73 Or App 29, 697 P2d 985, *rev den* 299 Or 443 (1985).

■　　　Virtually all of Kiewit's state and federal constitutional arguments were considered in *Roberts v. Gray's Crane and Rigging, supra.* One argument raised by Kiewit in this case was not considered in *Roberts*: that the exclusive liability provision of ORS 656.018 violates the Equal Protection Clause of the Fourteenth Amendment and the Privileges and Immunities Clause of the Oregon Constitution, Article I, section 20.

We hold that classification as a subject employer under the Workers' Compensation Act, and the exclusive liability provisions contained therein, is rationally related to the legitimate state purpose of maintaining a balanced Workers' Compensation scheme. *Roberts v. Gray's Crane and Rigging, supra,* 73 Or App at 35; *see Leech v. Georgia Pacific,* 259 Or 161, 167, 485 P2d 1195 (1971). We find no merit in Kiewit's argument.

Affirmed.