# IN THE OREGON TAX COURT

## MT. SEXTON PROPERTIES, INC. et al
### *v.*
## DEPARTMENT OF REVENUE
(TC 2510)

Donald H. Coulter, Myrick, Coulter, Seagraves, Myrick, Adams & Davis, Grants Pass, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered September 30, 1987.

## CARL N. BYERS, Judge.

Plaintiffs appeal for declaratory relief, claiming unconstitutionality of ORS 321.352. Plaintiffs state five claims. Plaintiffs also complain that defendant's administrative hearing on these issues deprived plaintiffs of due process because they were denied the issuance of subpoenas to compel testimony and evidence from county officials.

The dispute arises from the imposition of ad valorem taxes on western Oregon forest lands for 1977 and thereafter.

In 1961, the Oregon State Tax Commission (defendant's predecessor), was given the responsibility to appraise all timber and forest land in western Oregon and to furnish such information to the assessors for extension on the tax rolls. ORS 321.622. For reasons not clear from the record, defendant's appraisal of forest land values for January 1, 1977, resulted in significant increases over the prior year. In plaintiffs' market area, Jackson/Josephine Counties, the average increase was 100 percent and plaintiffs' forest land values increased almost 300 percent. (Stipulation 1, Exhibit A-5). Although none of the plaintiffs appealed their forest land values, massive numbers of other forest land owners did appeal.

Under the then existing appeal procedures, it was a lengthy process to obtain a final court decision. Consequently it was probable that the values determined by defendant would be extended on the rolls and the taxes collected before the appeals could ever be heard. Local government officials were concerned with the potential finance problems resulting from major refunds. In addition, only those forest land owners who filed appeals would receive any benefit from a favorable court decision. Fearful that the massive number of appeals would create chaos at the county level, officials from both the

forest industry and government sought immediate legislative relief from the then sitting 1977 legislature.

The legislature initially responded by enacting SB 1077. This bill was repealed in the same session and replaced by HB 3274 enacted as 1977 Or Laws chapter 892.

■ The new procedures adopted by the legislature addressed the concerns of both parties by streamlining the appeal process and eliminating the need for every forest land owner to appeal. Subsection (5) of Section 24 of the act provides in part:

> "At any time after the certification of values pursuant to subsection (4) of this section, but not later than March 20, five or more taxpayers owning in the aggregate not less than five percent of the total forest land acreage subject to ad valorem taxation in a single land market area may appeal any or all of the values in that area directly to the director of the department * * *."

■ The section goes on to provide that the director of the Department of Revenue must act and issue an order within 60 days after the petition is filed. The taxpayers may then appeal to the Oregon Tax Court and the Oregon Supreme Court, which courts are to hear the matter "expeditiously." To eliminate the need for all forest land owners to appeal, and to give everyone the benefit of an appeal by others, the act provides that the evaluation set by the court "shall apply to the valuation of all forest land in the designated market area for that year." (Subsection (6) of Section 24). Forest land owners who are thus affected by an appeal are to be given notice thereof as follows:

> "Notice of the appeal shall be made in each county having values affected by the appeal, either by personal service by certified mail on each taxpayer affected, or by publication made once a week for two consecutive weeks in a newspaper of general circulation in the county. The notice shall designate the values appealed, and include a statement of the provisions of subsection (6) of this section."

It is these appeal provisions which give rise to plaintiffs' claims. Plaintiffs allege that the representative formula and the "notice" provisions of the act violate the Fifth and Fourteenth Amendments of the United States Constitution

and Article I, §§ 10, 20 and 32 of the Oregon Constitution. The court will first address the representative formula issue.

■ Article I, § 10 of the Oregon Constitution guarantees that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Plaintiffs recognize that this clause is not parallel to "due process" under the Federal constitutional amendment. (Plaintiffs' Brief, at 14.) The "due course of law" clause in section 10 relates to "remedies for injuries done" and "is neither in text nor in historical function the equivalent of a due process clause * * *. It concerns remedies for 'injuries done' of the stated kind." *Cole v. Dept. of Rev.,* 294 Or 188, 191, 655 P2d 171 (1982).

■ "Article I, § 10, Oregon Constitution, was not intended to give anyone a vested right in the law either statutory or common; nor was it intended to render the law static." *Noonan v. City of Portland,* 161 Or 213, 88 P2d 808 (1939). Therefore 1977 Or Laws ch 892, altering statutory appeal procedures, is not violative of Article I, § 10, of the Oregon Constitution.

Plaintiffs allege that ORS 321.352(5), limiting appeals to five or more taxpayers with not less than five percent of the total forest land, is defective and unfair to small forest land owners and violates Article I, § 20 (privileges and immunity clause), and the equal protection clause of the Fourteenth Amendment of the United States Constitution. While it may be more difficult for small owners to qualify, a joint appeal is provided to them concerning the issue of true cash value of forest land in the market area. All other issues may be individually appealed as provided by law. (ORS 321.352(9).)

■ If the requirement for a joint appeal constitutes a classification scheme it must bear some rational relationship to a legitimate state interest in order to avoid constitutional discrimination. *School Dist. No. 12 v. Wasco County,* 270 Or 622, 628-629, 529 P2d 386 (1974). Classifications that are rationally related to a valid state interest are not invidiously discriminatory. *Aasum v. Good Samaritan Hospital,* (DC Or) 395 F Supp 363, *aff'd* 542 F2d 792 (1975). *Rock v. Peter Kiewit,* 77 Or App 469, 713 P2d 673, *rev den* 301 Or 77, 717 P2d 632 (1986).

The statutory scheme in question makes determination of five percent or more of the land value binding on all other forest land owners in that market area for that year. In view of this, the court finds that the state had a legitimate state interest in assuring that any appeal of the land value would be from a representative group. ORS 321.352 bears a rational relationship to the state's interest and therefore is not violative of Article I, § 20, Oregon Constitution, or the Fourteenth Amendment, United States Constitution.

ORS 321.352 specifically provides that forest land values determined on appeal and the tax based on those values will be uniformly applied to all forest land in the market area. Therefore plaintiffs' claim that the statute results in lack of uniformity, thus violating Article I, § 32, is without merit.

Plaintiffs allege that the notice provisions of ORS 321.352 violate the due process clause of the Fourteenth Amendment of the United States Constitution and Article 1, §§ 10, 20 and 32 of the Oregon Constitution. The Fourteenth Amendment of the United States Constitution prohibits any state action that will "deprive any person of life, liberty or property, without due process of law." The plaintiffs cite *Mullane v. Central Hanover B. & T. Company,* 339 US 306, 314, 70 SC 652, 94 L Ed 865, 873 (1950) as authority that the provision for notice by publication in 321.352 is constitutionally insufficient.

*Mullane* involved settlement of a common trust fund where notice had been given by publication. The court held that this notice violated due process and stated:

" 'The fundamental requisite of due process is the opportunity to be heard.' * * *

"[A] fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane, supra* at 314).

The *Mullane* court specifically stated that it was not committed to any formula for "determining when constructive notice may be utilized or what test it must meet." (339 US at 314.)

■ It has been stated, "[The] requirements of due process of law 'are not technical, nor is any particular form of procedure necessary.' Due process of law guarantees 'no particular form of procedure; it protects substantial rights.' " *Rocky B. Fisheries v. No. Bend Fab.*, 66 Or App 625, 632, 676 P2d 319 (1984), quoting *Mitchell v. W. T. Grant Co.*, 416 US 600, 610, 94 SC 1895, 40 L Ed 2d 406 (1974).

In the particular circumstances in this case, plaintiffs were not deprived of their right to appeal. They could have appealed the 1977 valuation increase to the board of equalization pursuant to 321.377(3) which would have provided them with an automatic appeal to the Department of Revenue. Plaintiffs did not avail themselves of this right. (Stipulation, at 3). The constructive notice provided by ORS 321.352 did not deprive them of a property right because no action was required on their part to be entitled to the benefits of an appeal. If the Supreme Court had affirmed the 1977 valuation increase and the valuations for subsequent years based on the 1977 valuation, plaintiffs would have suffered no detriment because they had accepted the 1977 valuation. If the 1977 valuation was decreased due to an appeal, plaintiffs and all the forest land owners would benefit by that determination. Therefore the notice provision of ORS 321.352 did not deny the plaintiffs due process nor was it violative of Article 1, §§ 20 or 32.

■ Plaintiffs allege that the emergency clause contained in 1977 Or Laws, ch 892, § 53, relating to the 1977 assessment year values is violative of Oregon Constitution Article IX, § 1a. Section 1a mandates that "[t]he Legislative Assembly shall not declare an emergency in any act regulating taxation or exemption."

The committee offering the bill was sufficiently concerned about attaching the emergency clause to ask the Attorney General whether the clause would be constitutionally valid. That officers' opinion stated that:

"It is a very close question. * * * We note the measure will not be invalidated even if Article IX, Section 1a is held to be applicable. It is merely the emergency clause which will be of no effect. We accordingly suggest that if the considerations making immediate effectiveness desirable or strong enough, the emergency clause should be left in the measure. It is to be

noted that the new appeal provisions are apparently designed to be substantially more advantageous to the taxpayer, so perhaps no likelihood of referendum exists." (Defendant's Exhibit B [Legislative History], at page 25).

The title to the session law is "An Act Relating To Taxation * * *." The enactment contains both substantive and procedural tax enforcement. The court agrees with the plaintiffs that the act is involved with "regulating taxation," therefore the emergency clause is void pursuant to Article IX, § 1a. This finding results in the elimination of the emergency clause only. The rest of the act became effective ninety days after the end of the session, October 3, 1977. *Smith v. Patterson,* 130 Or 73, 81, 271 P 271 (1929).

Changing the effective date of ORS 321.352 from July to October is irrelevant as far as plaintiffs are concerned. The deadline for appealing the 1977 valuation increase to the board of equalization was May. (ORS 309.100(1)(d), 1977 Replacement Part). The plaintiffs did not appeal the 1977 valuation. (Stipulation 3). Therefore whether the effective date was July or October is of no benefit to plaintiffs.

The last issue to be addressed is the plaintiffs' allegation that they were denied due process because at the administrative hearing they were denied the right to compel testimony and evidence from county officials through the use of subpoenas. The Department of Revenue has discretionary powers to issue subpoenas pursuant to ORS 305.115(3) and 305.190, but is not mandated to do so. Has the Department abused its discretion in refusing to issue subpoenas for the plaintiffs?

The issues appealed to the defendant by the plaintiffs concern the constitutionality of ORS 321.352. It is generally accepted that an administrative agency is without authority to determine the constitutionality of a law which it administers; only the courts have that power. *Bare v. Gorton,* 84 Wash 2d 380, 526 P2d 379 (1974). *State of Wash., ex rel v. Dept. of Rev. No. 2134,* slip op (Oregon Tax Court, June 4, 1985), *Crocker v. Colorado Dept. of Revenue, Etc.,* Colo, 652 P2d 1067 (1982).

The department, being without authority to resolve the issue of unconstitutionality alleged by the plaintiffs, did

not abuse its discretion by declining to issue subpoenas in connection with the appeal.

The court finds that the plaintiffs' claim of unconstitutionality with regard to ORS 321.352 (1977 Or Laws ch 892) is without merit except for Section 53, the emergency clause. The invalidity of Section 53 is moot as far as the plaintiffs are concerned. They did not avail themselves of the right to appeal whether the disputed statute became effective in July or in October.

Plaintiffs' request for declaratory relief is denied and judgment will be entered accordingly.

No costs awarded.