783 P.2d 1014 (1989)
OREGON ASSOCIATION OF REHABILITATION PROFESSIONALS IN THE PRIVATE SECTOR, a Non-Profit Corporation, Petitioner,
v.
DEPARTMENT OF INSURANCE AND FINANCE, Respondent.
WCD 11-1987; CA A47225.
Court of Appeals of Oregon.
Argued and Submitted November 7, 1988.
Decided December 13, 1989.
*1015 James M. Brown, Salem, argued the cause for petitioner. With him on the brief was Enfield, Guimond & Brown, Salem.
Robert M. Atkinson, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Atty. Gen., and Virginia L. Linder, Sol. Gen., Salem.
Before RICHARDSON, P.J., and NEWMAN and DEITS, JJ.
DEITS, Judge.
Petitioner challenges the validity of an administrative rule of the Oregon Department of Insurance and Finance that regulates payments made by insurers to vocational assistance providers. ORS 183.400. Petitioner argues that the rule unreasonably impairs private rights of contract protected by Article I, section 20, of the Oregon Constitution, that it unlawfully delegates the department's authority and that it exceeds its statutory authority. We hold the rule valid.
Petitioner is a non-profit association of vocational assistance professionals who provide services to injured workers. Providers are paid either by insurers or self-insuring employers. The contested rule, OAR 436-120-215, regulates all payments made by insurers or employers to providers. It establishes the maximum amounts that can be paid to providers for specified services and sets maximum limits for each worker.
Petitioner argues that the department exceeded its statutory authority in adopting the rule. ORS 656.340(9)(d) authorizes *1016 the department's director to adopt rules establishing:
"Procedures, schedules and conditions relating to the payment for services performed by a vocational assistance provider, which shall be based on payment for specific services performed and not fees for services performed on an hourly basis. Fee schedules shall reflect a reasonable rate for direct worker purchases and for all vocational assistance providers and shall be the same within suitable geographic areas."
Petitioner asserts that the rule exceeds the authority granted by the statute, because the statute does not expressly authorize the agency to fix maximum fees.
We conclude that fixing maximum fees is within the agency's authority. The language of the statute specifically provides that the director is to adopt "procedures, schedules and conditions relating to the payment for services" and that they are to be based on the services performed and not on an hourly basis. The legislature obviously contemplated that the agency would set rates for specific services. In order for those rates to be meaningful, the agency necessarily must have the authority to enforce the rates by establishing maximums.
Petitioner also argues that the rule exceeds the agency's authority, because the rates are too low and, therefore, are not reasonable. The agency is required by ORS 656.340(9)(d) to adopt reasonable rates. The term "reasonable" is a delegative term. Springfield Education Assn. v. School Dist., 290 Or. 217, 621 P.2d 547 (1980). Accordingly, the agency's function is to complete the policy decision by establishing rates that, in its judgment, are reasonable. Our function on review is to see that the agency's policy decision is within the range of discretion allowed by the more general policy of the statute. Springfield Education Assn. v. School Dist., supra, 290 Or. at 229, 621 P.2d 547. Although petitioner argues generally that the rates are unreasonable, neither in the rule adoption proceedings nor on review has it presented any data or specifically identified how or why the rates are unreasonable. The record indicates that the rates are based on rates charged by rehabilitation organizations. We hold that the determination that the established rates are reasonable was within the agency's range of discretion and that the adoption of the rule did not exceed the director's authority.
Petitioner also argues that ORS 656.340 violates Article I, section 20, because the establishment of maximum fees unreasonably impairs private rights of contract. As petitioner acknowledges, the validity of such an argument has been seriously questioned. As we concluded in Roberts v. Gray's Crane & Rigging, 73 Or. App. 29, 35, 697 P.2d 985, rev. den. 299 Or. 443, 702 P.2d 1112 (1985):
"The continuing vitality of the analysis * * * is questionable. At one time a supposed right to contract was protected by the Due Process Clause of the Fourteenth Amendment, which provides that no state shall deprive any person of life, liberty, or property without due process of law. The U.S. Supreme Court has since abandoned that analysis. See Williamson v. Lee Optical Co., 348 US 483, 75 S Ct 461, 99 L Ed 563 (1955); Nebbia v. New York, 291 US 502, 54 S Ct 505, 78 L Ed 940 (1934). The cases cited by Gray's Crane treat Article I, section *1017 20, as a due process provision and therefore hold that it, like the Due Process Clause of the Fourteenth Amendment, protects the right to contract from unreasonable interference by the state. However, Article I, section 20, is not a due process provision: it does not mention `life,' `liberty,' `property' or `due process of law.' See Linde, Without `Due Process' Unconstitutional Law in Oregon, 49 Or L Rev 125, 140-43 (1970). In fact, as both the Supreme Court and this court have recently stressed, this state's constitution has no due process clause. State v. Clark, 291 Or 231, 235, n 4, 630 P2d 810, cert den 454 US 1084 [102 S.Ct. 640, 70 L.Ed.2d 619] (1981); State v. Stroup, 290 Or 185, 200, 620 P2d 1359 (1980); State v. Lyon, 65 Or App 790, 795, 672 P2d 1358 (1983). Therefore, it is doubtful that the Oregon Supreme Court today would interpret Article I, section 20, as it was interpreted in the cases cited by Gray's Crane." (Emphasis supplied.)
Even assuming that Article I, section 20, does protect the right to contract, the challenged rule and the statute do not violate that provision. In George et al v. City of Portland et al, 114 Or. 418, 235 P. 681 (1925), the court held that freedom to contract is not absolute, but is a qualified right that is subject to reasonable restraint when regulation is necessary for the public benefit. The stated purpose of the Workers' Compensation Law is to protect the public interest by providing prompt and complete medical care and income benefits through a fair and expeditious administrative system. In accordance with that policy, the fees for many services provided to injured workers are regulated, such as medical fees, ORS 656.245; ORS 656.248, and attorney fees. ORS 656.388. The need for regulation of prices of services to injured workers has a well recognized and direct bearing on the public interest. ORS 656.340 and OAR 436-120-215 carry out that legislative policy and do not unconstitutionally violate any private right of contract that may exist.
Petitioner also argues that the statute authorizing the agency to adopt rules establishing rates is an unconstitutional delegation of legislative authority. The fundamental inquiry in delegation cases is "whether the procedure established for the exercise of the power furnishes adequate safeguards to those who are affected by the administrative action." Warren v. Marion County et al, 222 Or. 307, 314, 353 P.2d 257 (1960). (Emphasis in original.) Here, the agency is specifically required by statute to establish rates that are reasonable through the adoption of administrative rules. ORS 656.340(9)(d). If the rates are not reasonable, they would exceed the agency's authority and would be subject to challenge under ORS 183.400(4)(b). The availability of that procedure is a sufficient safeguard to protect those who may be affected by the agency's action. Meyer v. Lord, 37 Or. App. 59, 586 P.2d 367 (1978), rev den 286 Or. 303 (1979).
Petitioner also argues that the agency's rules unconstitutionally delegate authority to private persons in the portion of the rule that provides that an amount in excess of the stated maximum may be paid to the provider if the insurer determines that a fee exceeding the limits is warranted. OAR 436-120-215. Petitioner argues that the insurer has a conflict of interest in making that decision and that, because there are no procedural safeguards to protect against arbitrariness by the insurer, the delegation of authority to the insurers is unlawful. However, we conclude that that portion of the rule allowing the payment of an amount in excess of the maximum rate is not a delegation to a private party. Rather, it represents a decision by the agency not to exercise completely its authority to regulate what insurers may pay.
Rule held valid.